ROBERT A. CHAISSON, Judge.
|20n March 27, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Terrance Napolean[1], with possession of MDMA, in violation of LSA-R.S. 40:966(C) (count one), possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A) (count two), and possession of marijuana, second offense, in violation of LSA-R.S. 40:966(C) (count three). Thereafter, on October 7, 2009, the State amended the bill of information to charge defendant with possession with intent to distribute MDMA as to count one, and possession with intent to distribute marijuana as to count three, in violation of LSA-R.S. 40:966(A). Defendant pled not guilty to all charges.
After a hearing on January 30, 2008, defendant was found incompetent to stand trial. However, at a subsequent hearing, defendant was deemed competent. On October 20, 2009, the matter proceeded to trial before a twelve-person jury. | ⅞After considering the evidence presented, the jury found defendant guilty as charged on all counts.
On December 2, 2009, the trial court sentenced defendant to seven years on counts one and two, and five years on count three. The sentences were ordered to be served in the Department of Corrections and concurrently with each other. On the same day, the State filed a bill of information pursuant to the provisions of LSA-R.S. 15:529.1 seeking to have defendant adjudicated a third felony offender. According to the minute entry contained in the record, the trial court found defendant to be a third felony offender on February 24, 2010, and thereafter vacated defendant’s original sentence on count two and sentenced defendant to twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant now appeals.[2]

FACTS

On March 13, 2006, Deputy Nicholas Cottone of the Jefferson Parish Sheriffs Office responded to a call at Rock-N-Roll Auto located on the Westbank Expressway in Marrero. The call was in reference to the theft of a red, T-Top Camaro. Upon arrival, Deputy Cottone spoke to an employee of the used car sales lot, and pursuant to that conversation then spoke to defendant. Defendant, who appeared visibly nervous, informed the officer that he had taken the vehicle, but claimed that he was given permission to drive the vehicle from a salesman who was no longer there.
According to the officer, defendant became angry and agitated and attempted to leave the building. Although defendant at first refused to give the officer his name *130 and date of birth, he eventually gave the officer that information. 14Peputy Cottone then ran a name check on the NCIC computer and learned that there was an outstanding warrant for defendant’s arrest on a traffic matter.
Deputy Cottone placed defendant under arrest, handcuffed him, advised him of his rights, and began performing a search incidental to the arrest. As the officer was conducting the search, defendant resisted and exclaimed “[y]ou planted that on me.” Defendant pulled away and attempted to flee. A struggle ensued, but with the help of a car salesman, Deputy Cottone was eventually able to subdue defendant. During the struggle, Deputy Cottone noticed defendant’s hand inside the waistband of his pants trying to hold onto the top of a brown paper bag.
After backup units arrived, the brown bag was removed from defendant’s pants, and in addition, approximately $1,200.00 cash was seized from his person. The brown bag contained four plastic bags of off-white rock-like material, nine plastic bags of green vegetable matter, and seven and a half round orange pills. These substances tested positive for cocaine, marijuana, and MDMA.
Lieutenant Daniel Jewell, Jr. testified as an expert in value, usage, and packaging of narcotics. He explained that he generally looked at three factors in determining whether narcotics were possessed for personal use or with the intent to distribute. Specifically, he considered the value of the drug, the quantity of the drug, and the packaging of the drug. Applying these factors to the circumstances of this case, Lieutenant Jewell opined that the narcotics were possessed with the intent to distribute as opposed to being possessed for personal use.

ASSIGNMENT OF ERROR NUMBER ONE

On appeal, defendant argues that the trial court abused its discretion in failing to admonish the jury to disregard the improper testimony which was elicited by the State as to the ultimate issue of guilt or innocence regarding whether defendant had the intent to distribute. Specifically, defendant complains that | ¡¡Lieutenant Jewell improperly testified that the amount and packaging of the narcotics in this case were consistent with the intent to distribute.
Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused. LSA-C.E. art. 704. When a witness makes an irrelevant remark that might prejudice the defendant, LSA-C.Cr.P. art. 771 gives the trial court the option to either admonish the jury or, if an admonition does not appear to be sufficient, to declare a mistrial. State v. Johnson, 10-209 (La.App. 5 Cir. 10/12/10), 52 So.3d 110, 124, writ denied, 10-2546 (La.4/1/11), 60 So.3d 1248.
Defendant argues that the trial court erred in failing to admonish the jury to disregard Lieutenant Jewell’s testimony regarding whether defendant had the intent to distribute as it was an opinion on the ultimate issue of guilt. At trial, when Lieutenant Jewell was first asked if it was his opinion that defendant possessed MDMA, cocaine, and marijuana with intent to distribute, defendant made no objection. When Lieutenant Jewell was later questioned on whether the drugs “in this case” were consistent with someone possessing MDMA, cocaine, and marijuana with intent to distribute, defendant lodged an objec *131 tion before the question was answered. However, the question was rephrased and defendant did not object or request an admonition to the rephrased question. Finally, on redirect, the State again asked if the facts of the instant case would be consistent with possession with intent to distribute. Defendant objected and the question was rephrased in a nature very similar to the original question. Yet, defendant did not object or request an admonition.
| (¡As the State asserts, in State v. Mayeaux, 570 So.2d 185, 189 (La.App. 5 Cir. 1990), writ denied, 575 So.2d 386 (La.1991), this Court held that because the defendant did not request an admonition to the jury at trial, the lack of an admonishing instruction did not constitute error. In the present case, defendant at no time requested an admonition, and therefore, the trial court’s failure to admonish the jury does not constitute error.
Moreover, even if deemed improper, we find that the trial court’s instructions before deliberations were sufficient to offset any influence caused by the improper testimony. In this case, the trial court instructed the jury that they were the ultimate fact finders responsible for determining guilt or innocence. It further informed the jury that the State was required to prove all of the elements of the crime beyond a reasonable doubt, and the jury was obligated to determine the existence of fact from the evidence presented at trial. Finally, the trial court instructed the jury that it may give weight to expert opinion as it sees fit, and that an expert’s opinion testimony can be disregarded. See State v. Johnson, 52 So.3d at 127, where this Court concluded, under similar circumstances, that the trial judge’s instructions to the jury before deliberations were sufficient to counteract any influence by the improper testimony.
Based on the foregoing discussion, we find that the trial court did not abuse its discretion in failing to admonish the jury to disregard the complained of testimony of Lieutenant Jewell. Accordingly, this assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assigned error on appeal, defendant contends that the trial court erred in allowing the State to introduce impermissible other crimes evidence. Defendant specifically complains about the testimony that there was an outstanding warrant for his arrest on an unrelated matter. Defendant urges that the 17evidence was only necessary to prove a valid search incidental to arrest, which was decided at the motion to suppress; thus, the relevance of the information ceased to exist at trial.
Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. LSA-C.E. art. 404(B)(1); State v. Prieur, 277 So.2d 126, 128 (La.1973); State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 165. However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. Evidence of other crimes, wrongs, or acts may be introduced when it is independently relevant or when it relates to conduct, formerly referred to as res gestae, that constitutes an integral part of the act or transaction that is the subject of the present proceeding. State v. Anderson, 09-934 (La.App. 5 Cir. 3/23/10), 38 So.3d 953, 960, writ denied, 10-908 (La.App. 5 Cir. 11/12/10), 49 So.3d 887.
*132 In State v. Taylor, 01-1638 (La.1/14/03), 838 So.2d 729, 741-42, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004), the Louisiana Supreme Court discussed the admissibility of other crimes evidence categorized as res gestae:
Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them. A close proximity in time and location is required between the charged offense and the other crimes evidence “to insure that ‘the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.’ ” State v. Colomb, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting State v. Haarala, 398 So.2d 1093, 1098 (La.1981)). The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and | ¿police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. State v. Huizar, 414 So.2d 741, 748 (La.1982); State v. Kimble, 407 So.2d 693, 698 (La.1981). In addition, as this court recently observed, integral act (res gestae) evidence in Louisiana incorporates a rule of narrative completeness without which the state’s case would lose its “narrative momentum and cohesiveness, ‘with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.’ ” Colomb, 747 So.2d at 1076 (quoting Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).
In the present case, the evidence regarding the outstanding traffic attachment was part of the continuous chain of events leading up to the arrest and the incident search. Without this information to explain the entire story, the State could not accurately present its case, and the narrative momentum and cohesiveness would have been lost. Thus, it was necessary for the State to present the events leading up to defendant’s arrest, including the fact that defendant was arrested based on an outstanding traffic attachment, in order for the jury to undei-stand the completeness of the story, and in particular, why defendant was searched.
Accordingly, based on the foregoing discussion, we find that trial court did not abuse its discretion in admitting the evidence regarding the outstanding attachment because it was admissible as integral act evidence, or res gestae. This assigned error is likewise without merit.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the sentences imposed by the trial court were illegally lenient. With regard to count one, possession with intent to distribute MDMA, the trial court sentenced defendant to seven years in the Department of |9Corrections. The penalty provision for that offense, LSA-R.S. 40:966(B)(2), provides for a sentence of imprisonment at hard labor “for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sen *133 tence, and pay a fíne of not more than fifty thousand dollars.” Thus, the trial court failed to impose the restriction of benefits and also failed to impose a fine.
With regard to count three, possession with intent to distribute marijuana, the trial court sentenced defendant to five years in the Department of Corrections. The penalty provision for that offense, LSA-R.S. 40:966(B)(3), provides for a sentence of imprisonment at hard labor “for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.” On this count, the trial court failed to impose the mandatory fine.[3]
Generally, when a trial judge fails to mention the restriction of benefits, such conditions are deemed to exist by operation of law under LSA-R.S. 15:301.1. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 801. However, in this case, the trial court’s failure to impose the statutory restrictions is not cured by LSA-R.S. 15:301.1 because the portion of the sentence to be served without benefits is left to the discretion of the trial court. For that reason, we remand the case for resen-tencing with instructions to the trial court to impose defendant’s sentence in accordance with the provisions of LSA-R.S. 40:966(B)(2) only as it relates to the restriction of benefits. State v. Tapps, 02-547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789; State v. Brown, 04-1194 (La.App. 5 Cir. 4/26/05), 902 So.2d 542, 550, writ denied, 05-1637 (La.2/3/06), 922 So.2d 1173.
hnThe trial judge also failed to impose fines on counts one and three. In State v. Thomas, 10-220 (La.App. 5 Cir. 11/9/10), 54 So.3d 678, 688, writs denied, 10-2758 (La.4/25/11), 62 So.3d 89 and 10-2752 (La.5/20/11), 63 So.3d 974, this Court declined to exercise its authority to correct an illegal sentence involving failure of the trial court to impose a mandatory fine, reasoning that the State did not object to the trial court’s failure to impose the fine, and that the defendant was indigent. Likewise, in the instant case, the State did not object to the trial court’s failure to impose the fines. Additionally, defendant is represented by the Louisiana Appellate Project on appeal and appears to be indigent. State v. Pitt, 09-1054 (La.App. 5 Cir. 4/27/10) 40 So.3d 219, 224, writ denied, 10-1141 (La.12/10/10), 51 So.3d 725. We therefore decline to correct the illegally lenient sentences with regard to the trial court’s failure to impose the fines on counts one and three.
A review of the record further reveals that the trial court failed to advise defendant of the prescriptive period for post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8. While the commitment reflects that the trial court advised defendant of the prescriptive period, the transcript does not so reflect. In accordance with the procedure now routinely employed by this Court, we advise defendant, by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922. See State v. Stokes, 10-171 (La.App. 5 Cir. 10/12/10), 50 So.3d 884, 893, and State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.
*134 [ HAccordingly, for the reasons set forth herein, we remand the matter with instructions for resentencing on count one. In all other respects, we affirm defendant’s convictions and sentences.

AFFIRMED; REMANDED FOR RE-SENTENCING ON COUNT ONE

. Defendant is identified as "Terrance Napo-lean” throughout most of the district court record and on the appeal caption. However, he identifies himself and was multiple billed as "Terrance Napoleon.”

. It is noted that the multiple offender proceedings are not part of the instant appeal.

. Any sentencing errors with regard to count two will not be addressed in this opinion because the original sentence on that count was vacated and defendant was sentenced as a multiple offender, and the multiple offender proceedings are not part of the instant appeal.