STATE OF LOUISIANA

VERSUS

JEREMY M. DUBOURG

NO. 22-KA-342

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-341, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


March 01, 2023


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst


<u>**HABITUAL OFFENDER SENTENCE VACATED;**</u>
<u>**REMANDED WITH INSTRUCTIONS**</u>
    **MEJ**
    **RAC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
JEREMY M. DUBOURG
    Bruce G. Whittaker

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Anne M. Wallis
    Zachary P. Popovich
    Gabrielle Hosli

**JOHNSON, J.**

Defendant, Jeremy M. Dubourg, appeals his six-year habitual offender sentence rendered in the 24th Judicial District Court, Division "E". For the following reasons, we vacate Defendant's habitual offender sentence and remand the matter to the trial court with instructions.

## PROCEDURAL HISTORY

On March 8, 2021, the Jefferson Parish District Attorney filed a bill of information charging Defendant with battery of a dating partner by strangulation in violation of La. R.S. 14:34.9(L). On March 17, 2021, Defendant was arraigned and pleaded not guilty.

Several motions and notices were filed. On February 14, 2022, the bill was amended to change the date from on or about January 18, 2021, to on or about January 17 to 18, 2021.[1] On February 15, 2022, trial began, and a 12-person jury unanimously found Defendant guilty as charged. On March 9, 2022, Defendant filed a motion for post verdict judgment of acquittal and a motion for new trial. Both were denied on March 10, 2022. Also on March 10, 2022, after denying the motions, the trial judge sentenced Defendant to three years imprisonment at hard labor.

On March 18, 2022, Defendant filed a motion for appeal, wherein he appealed the February 15, 2022 conviction, the sentence imposed on March 10, 2022, and the habitual offender adjudication and sentence on May 25, 2022.[2] On

---

[1] The date or time of the commission of an offense need not be alleged in the indictment, unless the date or time is essential to the offense. La. C.Cr.P. art. 468. The date of the charged offense of battery of a dating partner by strangulation is not an essential element. *See* La. R.S. 14:34.9(L). The amendment regarding the date range of the offense did not alter the substance of the charge against defendant. As such, he did not need to be re-arraigned after the amendment.

[2] The filing of the motion for appeal was premature as to the habitual offender bill. It is noted that the motion for appeal was filed prior to the habitual offender bill adjudication and sentence, and even prior to the filing of the habitual offender bill. The motion was predicted and included the accurate dates of the habitual offender bill adjudication and sentence. The premature filing of the motion for appeal was cured by the subsequent re-sentencing. *See State v. Williams*, 02-852 (La. App. 5 Cir. 1/28/03), 839 So.2d 348, 357, *writ denied*, 03-596 (La. 6/6/03), 845 So.2d 1089; *State v. Roussel*, 00-192 (La. App. 5 Cir. 7/25/00), 767 So.2d 811, 812 n.2, *writ denied*, 00-2558 (La. 10/5/01), 798 So.2d 960.

April 21, 2022, the State filed a habitual offender bill of information, wherein it alleged that on May 16, 2019, Defendant pleaded guilty to and was sentenced to two years imprisonment at hard labor for battery of a dating partner by strangulation in violation of La. R.S. 14:34.9(L).[3]

On May 25, 2022, the trial judge adjudicated Defendant a second-felony offender. The judge vacated the original sentence and imposed an enhanced sentence of six years imprisonment at hard labor. Defendant's motion for appeal was granted on May 27, 2022, and the instant appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Defendant alleges that the trial court abused its discretion by imposing an excessive sentence.

## LAW AND ANALYSIS

Errors Patent Review

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920;[4] *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). The following error mandates corrective action, which requires us to pretermit our discussion of Defendant's assignment of error.

In this matter, the trial court sentenced Defendant to three years imprisonment. La. R.S. 14:35.3(C) provides in part:

> On a first conviction, notwithstanding any other provision of law to the contrary, the offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

---

[3] The certified conviction packet shows that Defendant pleaded guilty to battery of a dating partner by strangulation in violation of La. R.S. 14:34.9(K), which was the subsection regarding strangulation at the time of the prior offense.

[4] La. C.Cr.P. art. 920(2) states that an error patent is "[a]n error that is discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence."

La. R.S. 14:35.3(C) provides that, at least, 48 hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. Here, the record reflects that Defendant's original sentence was not imposed with the restriction of benefits for any period of time. La. R.S. 15:301.1(A) provides that the statutory restrictions, even if they are not recited at sentencing, are deemed to be contained in the sentence and are therefore statutorily effective. *State v. Thomas*, 20-97 (La. App. 5 Cir. 11/4/20), 306 So.3d 568, 578.

Generally, when a trial court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. *State v. Shelby*, 18-186 (La. App. 5 Cir. 12/27/18), 263 So.3d 1223, 1228 (citing *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, 801). However, in this case, the trial court's failure to impose the statutory restrictions is not cured by La. R.S. 15:301.1 because the portion of the sentence to be served without the benefit of parole, probation, or suspension of sentence is left to the discretion of the trial court. Nevertheless, the trial court vacated the sentence prior to resentencing Defendant as a second-felony offender, and this issue pertaining to the original sentence is now moot. *See Thomas*, 306 So.3d at 579.

However, we find that Defendant's enhanced sentence is also illegally lenient. La. R.S. 14:35.3(C) provides that at least 48 hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. The trial court imposed an enhanced sentence of six years imprisonment but did not restrict any benefits. While La. R.S. 15:529.1(G) requires all habitual offender sentences to be imposed without benefit of probation or suspension of sentence, it does not impose a parole restriction. Rather, when a defendant is sentenced as a habitual offender, it is the penalty provision for the underlying offense that imposes a parole restriction. *State v. Ard*, 20-221 (La. App. 5 Cir. 4/28/21), 347 So.3d 1046, 1060.

In *State v. Smith*, 09-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, this Court found on errors patent review that the defendant received an illegally-lenient sentence because the trial judge did not impose the disability against parole. This Court stated that because the trial court did not restrict parole in any way in imposing the enhanced sentence and the statute required an exercise of the trial court's sentencing discretion in limiting parole eligibility, it vacated the defendant's sentence and remanded the case for resentencing in accordance with the underlying statute. *Id.* at 509. Upon finding this sentencing error patent, this Court pretermitted the majority of the defendant's assigned errors,[5] including an error that his sentence was excessive. *Id.* at 502. *See also State v. Clifton*, 17-538 (La. App. 5 Cir. 5/23/18), 248 So.3d 691.

As previously stated, when a trial court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. *Williams*, *supra*. Here, the trial court's failure to impose the statutory restrictions are not cured by La. R.S. 15:301.1 because the portion of the sentence to be served without the benefit of parole is left to the discretion of the trial court. *Ard*, *supra*. Therefore, we vacate Defendant's sentence and remand the matter to the trial court for resentencing. We order the trial court to impose Defendant's enhanced sentence in accordance with the provisions of the underlying statute, La. R.S. 14:35.3(C), as it relates to the restriction of parole. *See Ard*, *supra*; *State v. Napoleon*, 11-530 (La. App. 5 Cir. 1/24/12), 87 So.3d 127. We further order the trial judge that upon resentencing Defendant, the trial judge provide an advisal regarding the prescriptive period in compliance with La. C.Cr.P. art. 930.8(A). *See Smith*, 20 So.3d at 510.

---

[5] This Court addressed the defendant's assignment of error regarding a non-unanimous jury verdict and affirmed the conviction. This Court pretermitted addressing the following assignments: excessive sentence, failure to comply with La. C.Cr.P. art. 894.1, and denial of motion to reconsider sentence, in the alternative, if the motion to reconsider is deemed untimely, counsel was ineffective for failing to preserve the defendant's rights to object to the sentence.

Accordingly, we pretermit discussion of whether Defendant's enhanced sentence is excessive at this time.

**DECREE**

For the foregoing reasons, we vacate Defendant's habitual offender sentence and remand the matter to the trial court with the above-mentioned instructions.

**<u>HABITUAL OFFENDER SENTENCE VACATED;</u>**
**<u>REMANDED WITH INSTRUCTIONS</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-KA-342

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)      DARREN A. ALLEMAND (APPELLEE)       THOMAS J. BUTLER (APPELLEE)

### MAILED
BRUCE G. WHITTAKER (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 791368
NEW ORLEANS, LA 70179

GABRIELLE HOSLI (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
ZACHARY P. POPOVICH (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053