677 So.2d 596 (1996)
STATE of Louisiana, Appellee,
v.
Richard L. DURR, Appellant.
No. 28197-KA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*597 James G. Caver, Bossier City, Mary E. Winchell, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Homer T. Cox, Assistant District Attorney, for Appellee.
Before MARVIN, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Richard L. Durr, was charged by bill of information with one count of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. Pursuant to a plea agreement, the defendant pled guilty as charged, and under State v. Crosby, 338 So.2d 584 (La.1976), reserved his right to appeal the denial of his motion to suppress. The trial court sentenced the defendant to serve five years at hard labor without benefit of probation, parole or suspension of sentence.[1] The defendant appeals, urging that the trial court erred in denying his motion to suppress. For the reasons assigned below, we affirm.

FACTS
On August 13, 1993, when Dolly Green failed to attend a scheduled meeting with her supervising probation officer, Pete Gautier, Gautier and four other probation officers drove to Green's residence on Spring Ridge Road in Keithville. Officer Gautier testified that a reliable, concerned citizen had reported suspected drug activity at the residence Green shared with the defendant, Richard L. Durr. Green had also previously tested positive for drug use while on probation. Although Officer Gautier could hear voices inside the trailer, no one responded to his knocking. After several minutes, Officer Gautier announced his identity and his intention to enter the home by force. The defendant opened the door and came out. The probation officers took defendant and placed him against a car located in the front yard of the residence. The probation officers also escorted Green and the children out of the trailer and into the yard.
The officers proceeded to search the residence and found a disassembled .22 caliber pistol, a Ruger mini .14 rifle and loaded clip, a stolen CD player, four small baggies containing a white powder that field tested positive for methamphetamine, syringes, and a cablevision bill addressed to Dolly Green. Officer Leonard Pierce testified that after he was read his Miranda rights, the defendant claimed responsibility for everything found in the trailer. Probation Officer H.B. Shaver testified that the defendant claimed ownership of the residence after he was read his Miranda rights. During cross-examination, Officer Gautier admitted that he did not obtain written consent to search from the defendant.
Dolly Green admitted she lived with the defendant in his trailer; however, she claimed the address was 6730 Spring Ridge Road, whereas Officer Gautier testified that the address was 6728 Spring Ridge Road. Green asserted that she was scheduled to meet Officer Gautier's supervisor at 8:00 a.m. on August 13; however, she did not attend the conference because she did not have a ride. Ms. Green denied any knowledge of *598 the drugs and guns and testified that she did not consent to the search of the trailer.
The defendant testified he lived at 6730 Spring Ridge Road with Dolly Green and his two minor children. He denied consenting to the August 13 search of the trailer and stated he refused to sign a consent to search form that officers asked him to sign after the search was completed. The defendant admitted he heard the officers knocking and knew they were probation officers, but did not open the door until they threatened to force their way inside. Contrary to the testimony of the officers, the defendant asserted the officers had their guns drawn when he opened the door. The defendant admitted that he told the officers, "whatever you found, if it is in this trailer, it belongs to me."
The trial court entered its factual findings in the record to support its denial of the defendant's motion to suppress. The court accepted the testimony of Officer Gautier regarding defendant's consent to search, found that the probation officers did not need consent to search a probationer's residence, and found the statements concerning ownership of the trailer and property therein were voluntarily and intelligently made after officers advised defendant of his Miranda rights. Defendant appeals the denial of his motion to suppress.

DISCUSSION
Defendant contends the trial court erred in refusing to suppress evidence seized during the probation officers' search. Defendant argues that his consent to the search of his home was not free and voluntary, since he gave consent after probation officers had illegally detained him. Therefore, the probation officers' search was illegal, and the evidence seized pursuant to the search should have been suppressed. We disagree.
While a valid consent search is a recognized exception to the warrant requirement, the burden is on the state to prove the consent was freely and voluntarily given. Whether consent is voluntary is a question for the trier of fact, and the trial court's determination on this issue must be given great weight on appeal. State v. Bostic, 26,000 (La.App. 2d Cir. 5/4/94), 637 So.2d 591; State v. Shrader, 593 So.2d 457 (La. App. 2d Cir.1992).
The trial court considered the testimony of Officer Gautier regarding the defendant's consent to search. Officer Gautier's testimony indicates that defendant gave consent to search without being asked. The trial court also considered the testimony of the defendant and his companion, Dolly Green. However, after considering defendant's status as a convicted felon and finding other testimony of defendant and Green unbelievable, the trial court decided that defendant's and Green's credibility regarding the consent issue was lessened. The trial court chose to believe the testimony of Officer Gautier and not that of defendant and Green. From a review of the record, we conclude that the trial court's finding was not manifestly erroneous. Since Officer Gautier's testimony supports a factual finding that the defendant voluntarily consented to the search, the trial court did not err in refusing to suppress evidence seized.
Moreover, it is well settled that probationers have a reduced expectation of privacy which allows reasonable warrantless searches of their person and residence by their probation officer, based on the officer's reasonable suspicion that probationer is violating the terms and conditions of his probation. State v. Epperson, 576 So.2d 96 (La. App. 2d Cir.1991); State v. Vailes, 564 So.2d 778 (La.App. 2d Cir.1990). In the instant case, Green had previously violated her probation and had been uncooperative with Officer Gautier. Further, Officer Gautier believed that Green refused to meet with him on the day of the search, and he had reason to suspect that drug activity was occurring at Green's residence. These facts amounted to a reasonable suspicion that Green was violating the terms and conditions of her probation, and thus, the probation officers did not need the residents' permission to search the premises.
Defendant also contends the trial court erred in failing to suppress statements he gave to the probation officers that linked him to the evidence found at the residence. Defendant argues that the statements were *599 also a product of an illegal detention or arrest, made before the officers advised him of his Miranda rights. The trial court specifically found that the defendant made the statements voluntarily after the probation officers read his Miranda rights. Again, the trial court's finding is to be given great weight upon appellate review. State v. Bostic, supra.
In the instant case, probation officers Pierce and Shaver testified that after they read defendant his Miranda rights, the defendant stated that the trailer was his, and that anything found in it belonged to him. The trial court believed the testimony of the officers and disbelieved the defendant's testimony. Since there is testimony in the record to support the trial court's finding, it does not appear that the trial court was clearly wrong in accepting the officers' testimony.
The defendant has also requested that this court review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. George, 26,687 (La.App. 2d Cir. 4/5/95), 652 So.2d 1382. No errors patent appear of record.

CONCLUSION
There is ample evidence in the record to support the trial court's findings that the defendant voluntarily gave his consent to a search of the residence, and that he made the incriminating statements after he had been advised of his Miranda rights. Further, since the probation officer in this case had a reasonable suspicion that his probationer was violating the terms of her probation, he had a right to conduct a reasonable warrantless search of the residence his probationer shared with the defendant.
Finding no merit to the defendant's arguments concerning the denial of the motion to suppress the evidence seized and the defendant's inculpatory statements, we affirm the trial court's evidentiary rulings and affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Because the 1995 Act No. 987 amendment to LSA-R.S. 14:95.1 which increased the sentencing range for violations of the statute to not less than ten nor more than fifteen years without benefit of probation, parole, or suspension of sentence did not take effect until August 15, 1995, the former sentencing range applies to defendant's May 12, 1995 sentence.