GASKINS, J.
 

 hThe defendant, Jose M. Delvalle, Jr.,
 
 [1]
 
 pled guilty pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), to the charge of attempted possession of a firearm by a convicted felon. The trial court sentenced him to serve seven years at hard labor and to pay a fine of $1,000. The defendant has appealed, arguing that the trial court erred in failing to grant motions to suppress the evidence against him. For the following reasons, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 At 2:20 a.m. on January 28, 2010, Shreveport police officers Mike Jones and Ryan Owen observed the defendant driving in his vehicle on Shreveport Barksdale Highway. The defendant made a turn onto a side road and then onto a service road. On one of the turns, the officers observed that the defendant did not use his turn signal. Given the early hour and the fact that driving while intoxicated offenses frequently occurred in the area, the officers stopped the defendant for the traffic violation.
 

 Officer Owen, who was in training, exited the police car and approached the defendant’s vehicle. Corporal Jones remained in the patrol car to observe. The defendant got out of his car without being requested to do so, and walked toward Officer Owen. As the defendant approached, Officer Owen noticed the smell of marijuana coming from the defendant. | ^Because the defendant was wearing baggy clothing in which a weapon might be hidden, Officer Owen patted down the de
 
 *1029
 
 fendant and placed him in the back of the patrol car. Officer Owen asked for permission to enter the defendant’s vehicle to retrieve his insurance and registration, but the defendant refused. Corporal Jones advised the defendant of his
 
 Miranda
 
 rights and encouraged him to be honest with the police. He also told the defendant that a K-9 drug dog would be called to sniff the car. The defendant admitted that there was a small amount of marijuana in the ashtray of the car. The defendant was told that if all the officers found was the residue of used marijuana, they were “not worried about that.” The defendant gave his consent to search the car.
 

 The search yielded approximately six grams of marijuana and a .25 caliber firearm which were found in the middle console of the vehicle, between the seats. The defendant told the officers that he had a prior arrest for possession of Schedule II drugs. The officers ran a check and determined that the defendant had a conviction for that felony offense. The defendant stated that the gun belonged to his landlord. The defendant was arrested for possession of a firearm by a convicted felon.
 

 On April 19, 2010, the defendant was charged by bill of information with possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1. The defendant filed a
 
 pro se
 
 “motion
 
 in limine,”
 
 which the trial court viewed as a motion to suppress. The defendant also filed a
 
 pro se
 
 motion to suppress. In these motions, the 1 ¡¡defendant essentially argued that he was illegally detained for an extended period of time and that no exceptions to the warrant requirement operated to validate the search of his vehicle, which resulted in the discovery of the gun. Therefore, he claimed that the gun was obtained pursuant to an illegal search and could not be used against him.
 

 The defendant’s attorney also filed a motion to suppress, arguing that there was no reason to search the defendant’s car when he was stopped for a traffic violation, that the defendant did not give valid consent to search the vehicle, and that no exigent circumstances justified the search. Therefore, the defendant’s attorney argued that the evidence obtained pursuant to the search should be suppressed.
 

 A hearing on the motions was conducted on November 18, 2010. The trial court denied the motions to suppress. On December 8, 2010, the defendant entered a
 
 Crosby
 
 plea of guilty to the charge of attempted possession of a firearm by a convicted felon, reserving his right to appeal the adverse rulings on the motions to suppress. The defendant was ordered to serve seven years at hard labor, with credit for time served, to ran concurrent with a probation or parole violation. The defendant was also ordered to pay a fine of $1,000 plus court costs to be paid through the inmate banking system, or to serve 60 days in lieu of payment of the fine. The defendant now appeals, arguing that the trial court erred in denying the motions to suppress. He claims that the initial stop was improper and that there were no reasonable, articulable grounds for arresting the defendant when he was locked in the patrol ear without probable cause.
 

 | .¡INITIAL STOP
 

 The defendant argues that the officers had no valid basis for the initial stop. He cites the seemingly contradictory testimony from the officers as to when he failed to use a turn signal. According to the defendant, the officers were making a stop for the offense of driving while intoxicated without any particularized reasons to suspect that the defendant had committed that offense. The defendant maintains that the officers made a pretextual investí-
 
 *1030
 
 gatory stop, not a legitímate traffic stop. This argument is without merit.
 

 Legal Principles
 

 This court reviews the district court’s ruling on a motion to suppress under the manifest error standard in regard to factual determinations, as well as credibility and weight determinations, while applying a
 
 de novo
 
 review to findings of law.
 
 State v. Collins,
 
 44,248 (La.App.2d Cir.5/27/09), 12 So.3d 1069;
 
 State v. Freeman,
 
 44,980 (La.App.2d Cir.1/27/10), 38 So.3d 222,
 
 writ denied,
 
 2010-0535 (La.10/1/10), 45 So.3d 1094.
 

 La. C. Cr. P. art. 215.1 summarizes the requirements for a valid stop under
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). That statute provides in pertinent part that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense. If a police officer observes a traffic infraction, the subsequent stop for that offense is clearly | aIegal. See
 
 Whren v. United States,
 
 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996);
 
 State v. Freeman, supra; State v. Paggett,
 
 28,843 (La.App.2d Cir.12/11/96), 684 So.2d 1072.
 

 The standard is purely an objective one that does not take into account the subjective beliefs or expectations of the detaining officer. This objective standard is indifferent to the relatively minor nature of a traffic violation.
 
 State v. Stoutes,
 
 43,181 (La.App.2d Cir.4/2/08), 980 So.2d 230.
 

 If the police officer has a specific suspicion of criminal activity, he may further detain the individual or the property while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion.
 
 United States v. Shaipe,
 
 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985);
 
 State v. Stowe,
 
 44,815 (La.App.2d Cir.10/28/09), 25 So.3d 945;
 
 State v. Freeman, supra.
 

 There is no bright line rule for when a detention lasts too long. Each instance must be assessed in view of the surrounding circumstances. See
 
 State v. Arrington,
 
 556 So.2d 263 (La.App. 2d Cir.1990);
 
 State v. Stowe, supra; State v. Freeman, supra.
 

 La. R.S. 32:104(B) provides in pertinent part:
 

 Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
 

 |fiDiscussion
 

 The defendant argues that the officers’ testimony differed as to when the defendant failed to use his turn signal. According to the defendant, this was merely a pretextual stop to investigate the possibility that the defendant was driving while intoxicated. The record shows that the officers observed the defendant make two turns in rapid succession and the officers agree that the defendant failed to use his turn signal on at least one of the turns. Based on the observation of a traffic infraction, this traffic stop was legal. The officers both observed a violation of the law and acted properly in stopping the defendant for that violation. The stop was not merely pretextual, but was a legitimate traffic stop. The defendant’s argument to the contrary is without merit.
 

 PROBABLE CAUSE TO ARREST AND VALIDITY OF SEARCH
 

 The defendant argues that there were no reasonable, articulable grounds for ar
 
 *1031
 
 resting him when he was locked in the patrol car without probable cause. He claims that his conduct in getting out of his car when he was stopped was not suspicious. The defendant maintains that just because he smelled of marijuana, the officers had no basis to believe that the defendant had used or that he had marijuana in his car. These arguments are without merit.
 

 Legal Principles
 

 The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the [7Fourth Amendment to the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution. It is well settled that a search and seizure conducted without a warrant issued on probable cause is
 
 per se
 
 unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement.
 
 State v. O’Neal,
 
 44,067 (La.App.2d Cir.4/8/09), 7 So.3d 182,
 
 writ denied,
 
 2009-1243 (La.2/12/10), 27 So.3d 841,
 
 cert. denied,
 
 — U.S. -, 131 S.Ct. 99, 178 L.Ed.2d 62 (2010);
 
 State v. Freeman, supra; State v. Heard,
 
 46,230 (La.App.2d Cir.5/18/11), 70 So.3d 811.
 

 The purpose of limiting warrantless searches to certain recognized exceptions is to preserve the constitutional safeguards provided by the warrant while accommodating the necessity of warrantless searches under special circumstances.
 
 State v. Heard, supra.
 
 When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. La. C. Cr. P. art. 703(D);
 
 State v. O’Neal, supra; State v. Freeman, supra; State v. Heard, supra.
 

 One exception to the warrant requirement is when there is probable cause to search an automobile. The warrantless search of an automobile is not unreasonable if there is probable cause to justify the search, without proving additional exigency, when the automobile is readily mobile |sbecause there is an inherent risk of losing evidence.
 
 Maryland v. Dyson,
 
 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999);
 
 State v. Freeman, supra.
 

 An officer’s detection of the odor of burnt marijuana emanating from the defendant’s vehicle may provide probable cause for the search of his vehicle. See
 
 State v. Johnlouis,
 
 2009-235 (La.App.3d Cir.11/4/09), 22 So.3d 1150,
 
 writ denied,
 
 2010-0097 (La.6/25/10), 38 So.3d 336,
 
 cert. denied,
 
 — U.S. -, 131 S.Ct. 932, 178 L.Ed.2d 775 (2011);
 
 State v. Freeman, supra,.
 

 A valid consent search is a well-recognized exception to the warrant requirement, but the burden is upon the state to prove that the consent was given freely and voluntarily.
 
 State v. Crews,
 
 28,153 (La.App.2d Cir.5/8/96), 674 So.2d 1082. An oral consent to a search is valid.
 
 State v. McGill,
 
 31,202 (La.App.2d Cir.9/23/98), 720 So.2d 720,
 
 writ denied,
 
 98-2721 (La.2/5/99), 737 So.2d. 746.
 

 Voluntariness is a question of fact to be determined by the trial judge under the facts and circumstances of each case. These factual determinations are to be given great weight on appellate review.
 
 State v. Edwards,
 
 434 So.2d 395 (La.1983);
 
 State v. Ossey,
 
 446 So.2d 280 (La.1984),
 
 cert. denied
 
 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984);
 
 State v. Durr,
 
 28,197 (La.App.2d Cir.6/26/96), 677 So.2d 596.
 

 In the present case, as soon as the defendant got out of his car, of his own accord, Officer Owen noticed the smell of marijuana coming from the ^person of the
 
 *1032
 
 defendant. This gave Officer Owen probable cause to believe that the defendant had been in recent possession of marijuana and had smoked it, most probably in his car. Officer Owen had probable cause to arrest the defendant for possession of marijuana, to detain him in the police car, and to search the automobile for drugs. However, in addition to these factors, the defendant gave valid consent to search his vehicle. The defendant claims that he was harassed into giving consent to search. However, the record shows that after being told that a K-9 unit would be summoned to sniff the car, the defendant consented to a search. The record shows that the consent was given freely and voluntarily. The search resulted in the discovery of six grams of marijuana and the firearm at issue here.
 

 We find that the gun was obtained pursuant to both a valid search incident to arrest and a valid consensual search. The gun was properly discovered and was properly used as evidence of the defendant’s commission of attempted possession of a firearm by a convicted felon. The trial court correctly denied the motions to suppress filed by the defendant’s attorney and by the defendant pro
 
 se.
 

 ERROR PATENT
 

 We note that the trial court sentenced the defendant to serve seven years at hard labor, but did not specify that the sentence be served without benefit of probation, parole, or suspension of sentence. The defendant committed the present offense on January 28, 2010, and pled guilty on | mDecember 8, 2010. At the time of the commission of the offense, La. R.S. 14:95.1 provided that the penalty for possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies was imprisonment at hard labor for not less than 10 nor more than 15 years at hard labor
 
 without benefit of probation, parole, or suspension of sentence.
 
 Regarding the sentence for attempted offenses, La. R.S. 14:27 provides in pertinent part:
 

 In all other cases he shall be fined or imprisoned or both,
 
 in the same manner as for the offense attempted;
 
 such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. [Emphasis added.]
 

 Therefore, at the time of the commission of the present offense, the maximum sentence for attempted possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies was seven and one-half years, and any sentence imposed was required to be served without benefit of probation, parole, or suspension of sentence.
 

 La. R.S. 15:301.1 states in pertinent part:
 

 A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
 

 This statute is self-activating and therefore the defendant’s sentence, which was,
 
 *1033
 
 in fact, imposed without probation or suspension of sentence is also to be served without parole.
 
 [2]
 

 CONCLUSION
 

 For the reasons stated above, we affirm the conviction and sentence of the defendant, Jose M. Delvalle, Jr.
 

 AFFIRMED.
 

 [1]
 

 . The bill of information charging the defendant with the current offense lists his surname as "Devalle.” However, on the prior conviction for possession of cocaine, forming the basis of the present charge, the defendant's surname is spelled "Delvalle.” See
 
 State v. Delvalle,
 
 41,144 (La.App.2d Cir.6/28/06), 933 So.2d 258. On
 
 pro se
 
 filings by the defendant in this matter, he spells his surname "Delvalle.” Therefore, in this case we will use the spelling "Delvalle.”
 

 [2]
 

 . We note that La. R.S. 14:95.1(B) was amended by Acts 2010, No. 815, which became effective on August 15, 2010. The statute now reads as follows, in pertinent part:
 

 B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten
 
 nor more than twenty years without the benefit of probation, parole, or suspension of sentence
 
 and be fined not less than one thousand dollars nor more than five thousand dollars.
 
 Notwithstanding the provisions of R.S. 14:27, whoever is found guilty of attempting to violate the provisions of this Section shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred dollars nor more than two thousand five hundred dollars.
 
 [Emphasis supplied.]
 

 This amendment increased the maximum penalty for the completed offense of possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies and set a specific maximum penalty for the attempted offense, deleting the requirement that the sentence by served without benefit of parole, probation, or suspension of sentence. However, the general rule in Louisiana is that the law in effect at the time of the commission of the offense determines the penalty which the convicted accused must suffer. See
 
 State v. Sugasti,
 
 2001-3407 (La.6/21/02), 820 So.2d 518. The amendment to La. R.S. 14:95.1 does not contain any language indicating a legislative intent.to make it retroactive. See and compare
 
 State v. Mayeux,
 
 2001-3195 (La.6/21/02), 820 So.2d 526. Therefore, we find that the amendment does not apply in this case.