BROWN, Chief Judge.
|! Defendant, David Tray Herrington, pled guilty to one count of simple burglary of an inhabited dwelling and one count of aggravated obstruction of a highway. He was sentenced to serve 12 years at hard labor, with 10 of the 12 years to be served without the benefit of parole, probation, or suspension of sentence for the simple burglary of an inhabited dwelling and seven years at hard labor for the aggravated obstruction of a highway, to be served consecutively to one another. Defendant now appeals. As conceded by the state, we amend his sentence for simple burglary of an inhabited dwelling to provide that only the first year of the sentence will be served without benefits and as amended, affirm.

Facts

On June 5, 2013, defendant passed a house that appeared to be unoccupied. He parked in the driveway, knocked on the door, and, when no one answered, he entered the house by kicking the back door open. Unknown to defendant, he entered the home of a deputy clerk of court whose 15-year-old son was inside the residence. The child called 911 to report that someone was breaking into his mother’s house. Deputy Tori Hilburn of the Caldwell Parish Sheriffs Office was the first officer to arrive at the home. Chief Clay Bennett of the Columbia Police Department arrived shortly thereafter. Chief Bennett made contact with defendant, David Tray Her-rington, while Deputy Hilburn searched the back side of the house. Defendant told Chief Bennett that he was looking for a calendar. When defendant went to his vehicle to get his identification, both Chief Bennett Land Deputy Hilburn noticed a box and some jewelry in the passenger seat of defendant’s car. Defendant claimed that the items were his.
Deputy Logan Cooper then arrived at the scene. Shortly after his arrival, Deputy Cooper returned to the end of the driveway of the residence, where an unrelated car accident had occurred. Meanwhile, Chief Bennett and Deputy Hilburn realized that defendant had started his car; the officers asked him to turn it off. Defendant refused, and Chief Bennett grabbed defendant by the shirt and Deputy Hilburn put her hand on the door of the car. While both police officers were still engaged with defendant, he drove off. Deputy Cooper attempted to stop defendant at the end of the driveway, but he got *204 past the deputy and turned onto Louisiana Highway 133 heading north. All three law officers pursued defendant, and the chase progressed from Caldwell Parish into Richland Parish at speeds of up to 100 mph.
The chase ended when defendant lost control of his vehicle and ran into a tractor on the left side of the road. When the officers looked into defendant’s car they saw a Ziploc bag containing jewelry and other items. A witness to the chase told the officers that defendant had thrown some items out of his car while driving. Defendant was arrested and later admitted to being inside the home.
In two separate docket numbers, defendant was charged with simple burglary of an inhabited dwelling and aggravated obstruction of a highway. Defendant was also charged with resisting an officer, but this charge was dismissed by the state due to defendant’s guilty pleas. The state informed the court that there was no agreement as to defendant’s sentence. The trial j^court indicated that it would have to review the PSI before imposing sentence.
While the state had agreed not to charge defendant as a habitual offender, the trial court emphasized to defendant that there were no promises as. to the sentence he would receive. The state then recited a factual basis for the plea; defendant did not dispute the facts. After explaining his Boykin rights, the trial court accepted defendant’s plea and ordered a PSI.
At sentencing on December 17, '2013, the trial court noted its review of the sentencing factors set forth in La. C. Cr. P. 894.1, defendant’s PSI, a sentencing recommendation from the state for maximum consecutive sentences,[1] and letters from defendant’s parents submitted on his behalf. Allowing for errors in defendant’s criminal record, the trial court found him to be a fourth-felony offender at best, and a ninth-felony offender at worst. The trial court stated that the burglary occurred in a house where a young boy was present and found that there was “great risk” to the young man.[2]
The trial court noted that defendant, who was 40 years old, was a “career criminal” and that he “might very well be” an addict. However, as an addict, defendant was likely to commit another felony if not incarcerated. The trial court sentenced defendant to serve 12 years at hard labor, with the first 10 years to be without the benefit of parole, probation, or suspension of Lsentence for the burglary of an inhabited dwelling and seven years at hard labor for the aggravated obstruction of a highway. The trial court noted that it considered both of defendant’s crimes to have been separate incidents because, although they occurred on the same day, they “put different people at risk for harm,” including the public, the police and the young man in the house. Therefore, the trial court ordered defendant’s sentences to run consecutively to one another and to any other sentence defendant is currently serving. The trial court recommended that defendant undergo substance abuse treatment during his incarceration.
Defendant filed a motion to reconsider his sentences, arguing that they were excessive. At a hearing on the motion, de *205 fendant testified about his criminal history and the fact that he was addicted to cocaine. He explained that he had started using cocaine at the age of 17 and had served approximately 21 years in prison, but had never received treatment for his addiction. Defendant expressed regret for his crimes, explaining that he was unaware that anyone was home at the time he committed the burglary.
The trial court denied the motion, and defendant timely appealed alleging that his sentences are illegal and excessive. Appellate counsel in brief states that the judicial system fails to address the source of the problem and states, “Instead, after having repeated missed opportunities to put Mr. Herrington into an environment where he would be given every chance to overcome his drug addictions, our justice system now throws him away with a lengthy prison sentence ...,” and as an afterthought, recommends substance abuse treatment.
| ¿Discussion
The sentencing portion of La. R.S. 14:62.2 provides that a person convicted of simple burglary of an inhabited dwelling “shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
The Louisiana Supreme Court in State v. Boowell, 406 So.2d 213 (La.1981), held that due to the ambiguity. of La. R.S. 14:62.2 only the first year of a sentence imposed for simple burglary may be imposed without benefits. The state concedes that defendant’s sentence is illegal per the supreme court’s interpretation of La. R.S. 14:62.2 in State v. Boowell, supra, and requests that this court amend defendant’s sentence.
An appellate court is authorized to correct an illegal sentence pursuant to La. C. Cr. P. art. 882(A) when the sentence does not involve the exercise of sentencing discretion by the trial court. State v. Evans, 48,489 (La.App.2d Cir.12/04/13), 130 So.3d 406, 415, citing State v. Haynes, 04-1893 (La.12/10/04), 889 So.2d 224.
Per State v. Boowell, supra, defendant’s sentence for simple burglary of an inhabited dwelling is illegal because the first 10 years of defendant’s 12-year sentence were imposed without benefits. Amendment of this illegal sentence does not require the discretion of the trial court and therefore defendant’s sentence is amended to provide that only the first year of his 12-year sentence will be served without benefits.
Defendant also argues that his sentence is illegal because the trial court failed to give him credit for time served. A defendant shall receive | ^credit for time spent in actual custody prior to imposition of sentence. La. C. Cr. P. art. 880. A 1997 amendment to article 880 makes credit for prior custody self-operating even on a silent record. State v. Ignot, 29,745 (La.App.2d Cir.09/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.06/18/99), 745 So.2d 618. Defendant is entitled by law to credit for time served pursuant to La. C. Cr. P. 880; thus, no action is required by this court.
Defendant complains that the trial court erred by imposing consecutive sentences in this matter because his offenses arose from a single course of conduct and that the factors used to determine whether sentences should be imposed concurrently or consecutively weigh in favor of concurrent sentences. In particular, defendant argues that his extensive criminal history consists of nonviolent offenses, such as burglaries. Additionally, he claims that he does not present an unusual risk of danger to the public because he can and should be *206 treated for his addiction, which is the root of his criminal behavior.
Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Johnson, 42,323 (La.App.2d Cir.08/15/07), 962 So.2d 1126. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson, supra. Among the factors to be considered are .the defendant’s criminal 17history, State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); and the potential for defendant’s rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983).
The trial court did not abuse its discretion by sentencing defendant to serve consecutive terms. The court reviewed the sentencing factors set forth in La. C. Cr. P. art. 894.1. Allowing for errors in defendant’s criminal record, the trial court found him to be a fourth-felony offender at best and a ninth-felony offender at worst. The trial court considered defendant’s substance abuse problems, but stated its belief that defendant would continue to commit crimes to support his habit and posed a threat to the public safety. The trial court found that the burglary occurred in a house where a young boy was present and found that there was “great risk” to the youth. Further, there was great risk to the public during the escape chase. Whether or not defendant’s crimes should be considered a single course of conduct, the trial court set forth an adequate factual basis for consecutive sentences.
|sThe U.S. Constitution Eighth Amendment’s proscription of cruel and unusual punishment not only prohibits barbaric punishment but also sentences that are disproportionate to the offense committed. Louisiana’s constitution likewise proscribes cruel, unusual and excessive sentences. An excessive sentence is one that is grossly disproportionate to the offense committed and shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.
A court’s proportionality analysis should be guided by the gravity of the offense and culpability of the offender. Simple burglary of an inhabited dwelling is punishable by imprisonment at hard labor for not less than one year, without the benefit of parole, probation or suspension of sentence, and not more than 12 years. La. R.S. 14:62.2. Aggravated obstruction of a highway of commerce is punishable by imprisonment, with or without hard labor, for not more than 15 years. La. R.S. 14:96.
The facts of this case, including defendant’s extensive criminal history, do not *207 allow this reviewing court to interfere with the substantial deference granted to the trial court. The sentences imposed in this matter are not excessive by constitutional standards.
| {¡Conclusion
For the aforementioned reasons, defendant’s sentence for simple burglary of an inhabited dwelling is amended to provide that only the first year of his sentence shall be served without the benefit of parole, probation or suspension of sentence. As amended, defendant’s convictions and sentences are affirmed.

. At the guilty pleas, the ADA stated, "The only thing that was said was that Your Honor might run the two concurrent, seeing as they happened at the — on the same day at the same time.”

. In his recorded statement, defendant said that he never had and never would go into a house if he knew someone was inside. He said he did everything to ensure no one was there.