STONE, J.
| pursuant to a plea agreement, the defendant, Reginald Derrick Capers, pled guilty to one count of simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. Capers was sentenced to six years at hard labor without benefit of pa *590 role, probation or suspension of sentence. Capers now appeals.
Capers’ appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging there are no nonfrivolous issues upon which to base an appeal. For the following reasons, the motion to withdraw is granted. Capers’ conviction is affirmed and, as amended, Capers’ sentence is affirmed.
FACTS
On May 29, 2010, Capers was arrested for a string of burglaries occurring in Monroe, Louisiana. On July 28, 2010, Capers was charged by bill of information with six counts of simple burglary of an inhabited dwelling. On April 12, 2013, Capers filed a motion to recuse all judges at the Fourth Judicial District Court. On June 10, 2013, the judges of the Fourth Judicial District Court filed an m banc order recusing themselves from any case involving Capers. By order of the Louisiana Supreme Court, Judge Glynn D. Roberts was appointed as an ad hoc judge to preside over several cases involving Capers.
On July 29, 2013, Capers was charged by amended bill of information with two counts of simple burglary, in violation of La. R.S. 14:62, nine counts of simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2, and nine counts of conspiracy to commit simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2 and 14:26. Capers filed | amotions to suppress, alleging he was illegally arrested because he was stopped without probable cause. Capers further argued Fourth Judicial District Court Judge Scott Leehy illegally signed his arrest warrant, because Judge Leehy was the son-in-law of one of the burglary victims. Additionally, Capers filed two pro se motions to quash, alleging the time limitation for the state to prosecute him for his burglary charges had lapsed.
At the hearing on Capers’ pro se motions, the state argued the arrest warrant signed by Judge Leehy did not involve his mother-in-law and Capers was never arrested under the arrest warrant issued by Judge Leehy. The state asserted Capers was arrested for the charges he currently faced, including those involving Judge Leahy's mother-in-law, pursuant to several affidavits of probable cause for arrest signed by Judge Carl Van Sharp. As to the motions to quash, the state argued the initiation of Capers’ prosecution was suspended, pursuant to La. C. Cr. P. Art. 580, due to the numerous pro se motions to quash filed by Capers. Based on the state’s arguments, the trial court denied Capers’ pro se motions to quash and motions to suppress.
Following the denial of his pro se motions, Capers expressed a desire to plead guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), reserving his right to appeal the trial court’s denial of his motions to quash and motions to suppress. The state agreed to allow Capers to plead guilty to one count of simple burglary of an inhabited dwelling for an agreed-upon sentence of six years at hard labor. In exchange for his plea, the state agreed to dismiss the remaining charges and to refrain from charging Capers as a habitual offender.
Prior to accepting his guilty plea, the trial court informed Capers of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), including his right against selfjjincrimination, his right to confront and cross-examine his accusers, and his right to a jury trial. Capers stated he understood his rights and wished *591 to waive them by pleading guilty. Thereafter, the trial court accepted Capers’ guilty plea and sentenced him to six years at hard labor without benefit of parole, probation or suspension of sentence.
On March 2, 2016, this court granted Capers’ supervisory writ application requesting an out-of-time appeal and remanded the case to the trial court. Thereafter, the trial court granted Capers an out-of-time appeal.
DISCUSSION
Upon lodging of this appeal, Capers’ appellate counsel filed a motion to withdraw, together with an Anders brief, alleging he could find no nonfrivolous issues to raise on appeal. See, Anders, supra; State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir. 1990). The brief outlined the procedural history of the case and stated that after a thorough review of the record, specifically as it pertains to Capers’ motions to quash, motions to suppress, and sentencing, no nonfrivolous issues could be advanced for appellate review. In addition, the state filed a brief agreeing that there are no nonfrivolous issues to raise on appeal. Capers’ counsel verified that copies of the motion to withdraw and Anders brief were properly mailed to Capers, in accordance with Anders, Jyles, Mouton, and Benjamin.
Capers subsequently filed a pro se brief, challenging the trial court’s denial of his motions to suppress. Capers argues his arrest was illegal because there was a conflict of interest. According to Capers, Judge Leehy, as the son-law of one of the burglary victims, should have refused to sign Capers’ arrest warrant and recused himself from the case.
|4This court reviews the trial court’s ruling on a motion to suppress under the manifest error standard in regard to factual determinations, as well as credibility and weight determinations while applying a de novo review to findings of law. State v. Delvalle, 46,563 (La.App. 2 Cir. 9/21/11), 73 So.3d 1026. A trial court’s denial of a motion to suppress is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. State v. Khalfani, 43,647 (La.App. 2 Cir. 10/29/08), 998 So.2d 756, writ denied, 09-0267 (La. 11/06/09), 21 So. 3d 305.
Capers fails to provide any evidence that his arrest was illegal or that his arrest was the product of impartiality by the trial court. By en banc order, all of the judges of the Fourth Judicial District Court re-cused themselves from several cases involving Capers and an ad hoc judge was appointed by the Louisiana Supreme Court to preside over the instant matter. At the hearing on Capers’ motions to suppress, it was found that the arrest warrant signed by Judge Leehy did not involve his mother-in-law and that Capers was never arrested under the arrest warrant signed by Judge Leehy. As a result, we find no manifest error in the trial court’s decision to deny Capers’ motions to suppress.
We have thoroughly reviewed the record. Capers was properly charged by amended bill of information which was signed by an assistant district attorney. Capers was present in court and represented by counsel at all important stages of the proceedings. The record reveals there was a factual basis for the plea. Prior to entering his guilty plea, Capers was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Accordingly, as to Capers’ conviction, we agree there are no nonfrivolous issues to raise on appeal.
*592 | fjOur error patent review reveals one error regarding Capers’ sentence. La. R.S. 14:62.2 provides, in pertinent part: “Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without the benefit of parole, probation or suspension of sentence, nor more than twelve years.” In State v. Boowell, 406 So.2d 213 (La. 1981), the Louisiana Supreme Court held, due to the ambiguity of La. R.S. 14:62.2, only the first year of a sentence imposed for simple burglary of an inhabited dwelling may be imposed without benefits. See State v. Herrington, 49,-323 (La.App. 2 Cir. 11/19/14), 152 So.3d 202.
Capers’ sentence for simple burglary of an inhabited dwelling is illegal, because the trial court imposed the entire six-year sentence without benefit of parole, probation or suspension of sentence. An appellate court is authorized to correct an illegal sentence pursuant to La. C. Cr. P. Art. 882(A) when the sentence does not involve the exercise of sentencing discretion by the trial court. State v. Evans, 48,489 (La.App. 2 Cir. 12/4/13), 130 So.3d 406, 415 (citing State v. Haynes, 04-1893 (La. 12/10/04), 889 So.2d 224). Accordingly, we amend Capers’ sentence for simple burglary of an inhabited dwelling to six years at hard labor, with one year without the benefit of parole, probation or suspension of sentence. Boowell, supra.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted. The conviction of Reginald Derrick Capers is affirmed. The sentence is amended to vacate his illegally excessive sentence and impose a sentence of six years at hard labor, with one year without the benefit of parole, probation or suspension of sentence. As amended, the sentence is affirmed.
InMOTION TO WITHDRAW GRANTED; CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.