BLEICH, J. (Pro Tempore )
This is the second appeal in a matter arising from the 26th Judicial District Court, Bossier Parish, Louisiana. The defendant, David Jerome Manning, pled guilty to possession of methamphetamine, while reserving his right to appeal the trial court's denial of his motion to suppress. In State v. Manning , 50,591 (La. App. 2 Cir. 05/18/16), 196 So.3d 626 (" Manning I "), the trial court's ruling was affirmed. However, because the trial court did not rule on Manning's second motion to suppress, the matter was remanded to the trial court for a determination of whether Manning's plea was conditioned upon waiver of the second motion. Manning maintains his guilty plea, but appeals the trial court's denial of his second motion to suppress. For the following reasons, we affirm the trial court's ruling.
FACTS
The precise facts of this matter are set forth in Manning I . In summary, Manning was stopped after Louisiana State Trooper Nathan Sharbono observed the vehicle Manning was operating cross the white fog line on I-20 in Bossier Parish. Manning had no driver's license to present to Trp.
*602 Sharbono, nor registration paperwork for the vehicle which Manning claimed his sister rented. A criminal records check revealed that Manning and one of his two adult passengers had extensive criminal records. Trooper Sharbono called for the canine unit, which arrived shortly after the call. Manning declined to consent to a search of the vehicle, and the canine unit conducted a free air sniff around the vehicle. The dog alerted on the vehicle, and a subsequent search yielded a plastic bag from under the front passenger seat containing approximately 100 different colored ecstasy pills.
Manning was charged by bill of information with: possession of a Schedule I controlled dangerous substance ("CDS") (methylone), a violation of La. R.S. 40:966(C)(3) ; possession of a Schedule II CDS (methamphetamine), a violation of La. R.S. 40:967(C) ; and, conspiracy to distribute a CDS, a violation of La. R.S. 40:979 and La. R.S. 14:26. He was also charged with improper lane usage and driving under a suspended license.
Manning filed a motion to suppress, challenging the legality of the vehicle stop and subsequent search. After a hearing, based on the totality of the circumstances and the testimony presented, the trial court denied the initial motion to suppress. Thereafter, Manning filed a second motion to suppress, challenging the legality of the search under Rodriguez v. United States , --- U.S. ----, 135 S.Ct. 1609, 191 L.Ed. 2d 492 (2015).
At a hearing on July 8, 2015, after some argument as to whether Manning was entitled to a hearing on his second motion to suppress, Manning accepted a plea offer, but no ruling was made on the second motion. Manning pled guilty to possession of methamphetamine, a violation of La. R.S. 40:967(C), reserved his right to appeal the denial of his motion to suppress, and the remaining charges were dismissed. He was sentenced, pursuant to the plea agreement, to five years imprisonment at hard labor.
In Manning I , Manning argued that the trial court erred in denying his motion to suppress because Tpr. Sharbono's suspicions of other criminal activity were unfounded. However, Manning did not distinguish between the two separate motions to suppress. In affirming the trial court's denial of the initial motion, this Court stated:
In stopping Manning for the traffic violation, Trp. Sharbono had a right to conduct a routine license and registration check and to engage in conversation with Manning and his passengers. In the trial court's oral reasons for its findings it noted:
Mr. Manning had no identification. He stated he caught a ride to Houston. The rental papers of the car and the person who rented the car was not there. There was no documentation. There was no paperwork on the car or a rental agreement according to Trooper Sharbono's testimony. He did a criminal records check; found that Mr. Manning had several prior arrests. And he believed that based on Mr. Manning's statements and all the surrounding information that there was a possibility that a crime had been committed. He stated he did not know if the car had been stolen, taken across Texas lines without the proper rental agreement. Stated he did not know if there was other possibilities of other crimes.
The trial court found that Trp. Sharbono had objectively reasonable suspicion of the possibility of some sort of other illegal activity in order to justify further detaining Manning. These articulable facts justified calling the canine unit as a means to dispel or confirm his suspicions.
*603 Once the dog alerted the troopers, they had probable cause to search the vehicle.
Manning I , at 632-3.
With respect to the second motion to suppress, Manning I held that Manning could not reserve the right to review of a motion that was never ruled on by the trial court. Id ., at 635. However, the record in that appeal indicated that Manning believed he maintained the right to appellate review of the second motion; therefore, the matter was remanded to the trial court for a determination of whether Manning's plea was conditioned upon waiver of the second motion to suppress. It was also noted that if Manning did not understand he was waiving review of the second motion by pleading guilty, he should be allowed either to withdraw or maintain his plea, and obtain a hearing and ruling on the second motion. Id .
On remand, no new testimony was presented, and the trial court based its ruling on the same evidence that was presented in relation to the initial motion to suppress. The trial court denied the second motion to suppress, Manning maintained his guilty plea, and this appeal followed.
DISCUSSION
In his sole assignment of error, Manning argues the trial court erred in denying his second motion to suppress. Manning claims he was kept on the side of the road while the officer made no effort to write a traffic citation, which, he argues, unreasonably prolonged the traffic stop in order to allow time for the canine unit to arrive. We disagree.
This Court reviews the trial court's ruling on a motion to suppress under the manifest error standard in regard to factual determinations, as well as credibility and weight determinations, while applying a de novo review to findings of law. State v. Delvalle , 46,563 (La. App. 2 Cir. 09/21/11), 73 So.3d 1026. A trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. State v. Prince, 50,548 (La. App. 2 Cir. 04/13/16), 195 So.3d 6.
In Rodriguez , supra , the officer stopped the defendant's vehicle for driving on the shoulder. The officer completed the traffic stop and issued a citation in about 21 minutes. However, the defendant was detained for an additional eight minutes, waiting for a second officer to arrive in order to conduct a dog sniff of the defendant's car. The Rodriguez court declined to address whether reasonable suspicion of criminal activity justified detaining the defendant beyond completion of the traffic infraction investigation and remanded the case for further proceedings on the issue. In holding that absent reasonable suspicion, police may not extend an otherwise-completed traffic stop in order to conduct a dog sniff, the Supreme Court explained:
Like a Terry stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission"-to address the traffic violation that warranted the stop, and attend to related safety concerns. Because addressing the infraction is the purpose of the stop, it may "last no longer than is necessary to effectuate that purpose." Authority for the seizure thus ends when tasks tied to the traffic infraction are-or reasonably should have been-completed ....
An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop. But, he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily *604 demanded to justify detaining an individual.
Rodriguez , supra at 135 S.Ct. at 1614-5 (internal citations omitted).
Louisiana C. Cr. P. art. 215.1(D) codifies the directive of the United States Supreme Court in Rodriguez and provides that in conducting a traffic stop "an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity." In stopping a vehicle on reasonable suspicion, an officer has the right to conduct a routine license and registration check and may engage in conversation with the driver and any passenger while doing so. State v. Lee , 46,742 (La. App. 2 Cir. 12/14/11), 79 So.3d 1278. If a police officer has a specific suspicion of criminal activity, he may further detain the individual or the property while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. State v. Burney , 47,056 (La. App. 2 Cir. 05/23/12), 92 So.3d 1184, writ denied , 2012-1469 (La. 01/11/13), 106 So.3d 548. In order to further detain a suspect, however, the officer must have articulable facts giving rise to a reasonable suspicion of some separate illegal activity that would justify further detention of the suspect. State v. Williams , 47,750 (La. App. 2 Cir. 04/10/13), 112 So.3d 1022, writ denied , 2013-1394 (La. 12/02/13), 126 So.3d 502. In making that determination, the totality of the circumstances must be taken into account. Id . The circumstances must be judged by an objective standard such that the facts available to the officer at the moment of the search or seizure would warrant a man of reasonable caution in the belief that the action taken was appropriate. Lee , supra . There is no bright line rule for when a detention lasts too long, and each instance must be assessed in view of the surrounding circumstances. Id . Factors which may give rise to reasonable suspicion include the demeanor of the suspect and unlikely and inconsistent accounts regarding travels. State v. Miller , 2000-1657 (La. 10/26/01), 798 So.2d 947 ; Lee , supra . Outstanding warrants and criminal records may also be considered in this inquiry. Williams , supra .
The use of a drug dog as a means of investigation is one way to confirm or dispel the officer's reasonable suspicion. Burney , supra . A dog sniff of the vehicle's exterior surfaces is not a "search" under the meaning of the Fourth Amendment. United States v. Place , 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed. 2d 110 (1983) ; State v. Kalie , 1996-2650 (La. 09/19/97), 699 So.2d 879. However, at the moment the dog alerts to the interior of the vehicle, officers have probable cause to search a vehicle without first obtaining a warrant. Lee , supra .
In assessing the reasonableness of an investigatory detention's duration, the United States Supreme Court has focused on the diligence of the detaining officer(s):
In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation and in such cases the court should not indulge in unrealistic second guessing.
United States v. Sharpe , 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed. 2d 605 (1985) ; see also State v. Turner , 2013-0180 (La. 03/1/13), 108 So.3d 753 (finding that a *605 60-minute detention, while waiting for a canine unit, was reasonable).
Manning I did not specifically address Manning's Rodriguez claim. However, the trial court determined that Trp. Sharbono established additional reasonable suspicion by which to justify Manning's further detention. We agree.
As previously noted in Manning I , Tpr. Sharbono's testimony provided the articulable facts that raised his suspicions of other illegal activity: (1) Manning had no driver's license or paperwork for the vehicle he was driving; (2) upon questioning, Manning related a suspicious account regarding his travel; (3) a criminal background check revealed Manning's extensive criminal history; (4) Manning did not know his passenger's last name; and, (5) Manning's passenger also had a criminal record.
This appeal concerns only Manning's second motion to suppress, which is related to the duration of the traffic stop. The record supports that Trp. Sharbono conducted routine questioning which reasonably raised his suspicions. Once reasonable suspicion is established, the question posed in Rodriguez -extending a traffic stop to allow a dog sniff beyond the reasonable amount of time needed to issue a citation-is no longer applicable. Considering reasonable suspicion was established, we find the trial court did not err in denying Manning's second motion to suppress. This assignment of error is without merit.
CONCLUSION
For the reasons herein, the trial court's ruling denying David J. Manning's second motion to suppress is affirmed. His conviction and sentence are also affirmed.
AFFIRMED.