979 So.2d 619 (2008)
STATE of Louisiana
v.
Jonathan L. LANDFAIR.
No. 07-KA-751.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Rehearing Denied April 29, 2008.
*620 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Twenty-Fourth Judicial District Parish of Jefferson, State of Louisiana, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Jonathan Landfair, Jackson, Louisiana, In Proper Person Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
In this criminal matter, the defendant/appellant, Jonathan Landfair ("defendant"), was charged with two counts of attempted second degree murder in violation of LSA-R.S. 14:27:30.1, one against Phong Ngo and one against Phuong Ngo. Additionally, defendant was charged with one count of attempted armed robbery in violation of LSA-R.S. 14:27:64 against Phong Ngo. On April 24, 2005, defendant withdrew his original plea of not guilty and entered an unconditional plea of guilty to all three charges. He was subsequently sentenced to serve twenty years at hard labor on each count, to be served concurrently.
*621 Defendant filed an application for post-conviction relief, or in the alternative, an out-of-time appeal. The trial court dismissed the application for post-conviction relief without prejudice, and it granted the out-of-time appeal on April 4, 2007.
On appeal, defense counsel filed a brief alleging that there are no non-frivolous issues to be raised on appeal and requesting that this Court conduct an errors patent review.[1] Defendant filed a pro se brief in which he asserts his sentence was in violation of constitutional double jeopardy principles.
DOUBLE JEOPARDY
Defendant argues that he was subject to double jeopardy when tendering his guilty plea and, therefore, his case should be remanded for re-sentencing. The basis for defendant's argument is that the attempted second degree murder charges include, as an underlying offense, the attempted armed robbery charge.
Even though defendant entered an unconditional guilty plea, he has not waived review of jurisdictional defects, including double jeopardy and, thus, may assign such as error on appeal.[2] But because defendant entered an unconditional guilty plea, the jurisdictional defect exception for double jeopardy applies only where on the face of the record the court had no power to enter the conviction or impose the sentence.[3] This holding consequently allows review of only the charging documents and plea colloquy.[4]
Defendant must, therefore, state, on the basis of the bill of information and the Boykin[5] colloquy, a prima facie case of double jeopardy, that his prosecution violates the constitutional protection against a second prosecution for the same offense or multiple punishments for the same criminal act.
In his brief to this court, defendant argues that a charge under LSA-R.S. 14:27:30.1(A)(2)(a), requires proof of an underlying felony, which in his case was the attempted armed robbery. Defendant argues that because he was charged under LSA-R.S. 14:27:30.1(A)(2)(a) and LSA-R.S. 14:27:64(A), he has been charged twice for the same offense, constituting double jeopardy. Defendant's argument seems to be that the facts necessary to prove the attempted armed robbery charge are also contained within the attempted second degree murder charges and, therefore, these charges are really the same offense under Blockburger.[6]
Defendant's argument is faulty in that it fails to correctly state the crimes with which he was charged. The bill of information charges defendant under LSA-R.S. 14:27:30.1 generally and does not specify a particular subsection on which its theory depends. It specifies that defendant committed attempted second degree murder on both Phong Ngo and Phuong Ngo, whereas defendant is charged with attempted armed robbery of Phong Ngo only. Defendant's written guilty plea does *622 not specify that he entered a plea of guilty to LSA-R.S.14:27:30.1(A)(2)(a) in particular but, rather, to LSA-R.S. 14:27:30.1 in general. Defendant's oral guilty plea does not specify a statutory provision but merely enters a plea of guilty to two counts of attempted second degree murder and one count of attempted armed robbery. The theory of the State's case is, thus, not obvious on the basis of the record.
When proof of a felony is an essential element of a first degree murder or an attempted first degree murder, double jeopardy precludes conviction and punishment of defendant for both murder or attempted murder and the underlying felony.[7] However, there is no such crime as attempted second degree felony murder.[8] Rather, attempted second degree murder requires the specific intent to kill, and this is inconsistent with the felony murder theory of LSA-R.S. 14:30.1(A)(2)(a). Thus, the crime of attempted second degree murder cannot be based on an underlying felony.[9]
The State could only have obtained a conviction on a charge of attempted second degree murder by proving specific intent murder. When defendant entered a guilty plea, he admitted factual guilt and relieved the State of the necessity to prove it by a contested trial.[10] A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.[11]
Accordingly, we find no merit in defendant's argument.
ERRORS PATENT
Defense counsel has requested that this Court conduct a review for errors patent on the record. We have conducted such a review and find that defendant's sentences are illegally lenient in that they were not imposed without benefit of parole, probation, or suspension of sentence. However, this provision is self-activating and need not be corrected with a remand by this Court.[12]
As previously stated, defense counsel has filed an Anders[13] brief and moved to withdraw as counsel for defendant. Counsel asserts that she has reviewed the record in defendant's case and, after evaluating and accepting the constitutionality of defendant's sentence, discovered no non-frivolous issues for appeal.
In view of the illegally lenient sentence and the self-activating provision which makes defendant ineligible for benefits, we must consider whether a legal point arguable on the merits of the issue of voluntary plea exists that is sufficient to deny defense counsel's motion to withdraw as counsel. We find that it does not.
The transcript discloses that during defendant's Boykin colloquy, the trial court failed to inform him that his guilty plea would result in a sentence without benefit of parole, probation, or suspension of sentence. *623 Further, the written waiver of rights form executed by defendant fails to state that the sentence is to be served without benefit of parole, probation, or suspension of sentence.
Defendant did not assign any errors relating to his sentence and makes no allegations that his plea was involuntary. Nor does he move to withdraw the guilty plea. Moreover, the sentence imposed by the trial judge was not inconsistent with the plea agreement. Defendant's exposure was forty-nine years on each count. That was explained to him on the waiver of rights form. The sentence agreed upon was twenty years on each count to be served concurrently, and the sentence must be served without benefits in accordance with law. There is no indication in either the record or in defendant's brief that any inducement regarding the benefits was discussed. Accordingly, we find the trial judge did not violate the terms of the plea agreement when sentencing defendant. Further, we find that the plea was tendered voluntarily and knowingly.[14] Nothing in this record indicated otherwise.
Because we find no legal point arguable on the merits which would preclude the grant of defense counsel's motion to withdraw, we hereby grant that motion. For the foregoing reasons, the defendant's convictions and sentences are affirmed, and the motion to withdraw as counsel of record for defendant filed by Jane L. Beebe is hereby granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] Defense counsel also filed a motion to withdraw in accordance with Anders v. California, 386 So.2d 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241.
[2] State ex rel. Robinson v. Blackburn, 367 So.2d 360, 364 (La. 1979).
[3] State v. Arnold, 01-1399 (La.4/12/02), 816 So.2d 289, 290 (per curiam) (quoting United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989)).
[4] Id. (citation omitted).
[5] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[6] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180 76 L.Ed. 306 (1932).
[7] State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 645.
[8] State v. Allen, 571 So.2d 758 (La.App. 2 Cir. 1990).
[9] State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, 1068, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
[10] State v. Bourgeois, 406 So.2d 550, 552 (La. 1981).
[11] United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).
[12] See, LSA-R.S. 15:301.1(A); State v. Williams, 00-1725 (La. 11/29/01), 800 So.2d 790.
[13] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[14] See, State v. Stevenson, 02-347 (La.App. 5 Cir. 9/30/02), 829 So.2d 519.