CLARENCE E. McMANUS, Judge.
^Defendant’s appointed counsel has filed an Anders brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal and has filed a motion to withdraw as attorney of record. For the reasons which follow, we affirm defendant’s conviction and sentence and grant appellate counsel’s motion to withdraw as attorney of record.

STATEMENT OF THE CASE

On November 14, 2007, the Jefferson Parish District Attorney filed a bill of in *524 formation charging defendant, Austin Lowery, with four counts of attempted armed robbery with a firearm, violations of LSA-R.S. 14:27, 14:64 and LSA-R.S 14:64.3; one count of attempted second degree murder, in violation of LSA-R.S. 14:27 and 14:30 and one count of armed robbery with a firearm, in violation of 14:64 and LSA-R.S 14:64.3. Defendant pled not guilty at arraignment. Thereafter, defendant filed various omnibus motions as well as numerous pre-trial motions. On April 14, 2010, the Jefferson Parish District Attorney filed an amended bill of information charging defendant with two counts of aggravated burglary, in violation of LSA-R.S. 14:60; one count of attempted aggravated burglary in violation of LSA-R.S. 14:27 and 14:60; and two counts of attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. Defendant withdrew his not guilty plea and pled guilty as |3charged to all counts under North Carolina v. Alford[1] on August 30, 2010. The State provided the following recitation of facts upon defendant’s plea of guilty.
DISTRICT ATTORNEY:
Judge, in 07-5353, on September 6, 2007 the defendant — once [sic] second, Your Honor. This should be — that’s correct, September 6, 2007 the defendant committed an aggravated burglary at 4800 Fourth Street, Apartment B.
On September 7, 2007 the defendant committed an attempt [sic] aggravated burglary at 2541 delta Point in Marrero.
On September 7, 2007 the defendant committed an aggravated burglary at 236 Sunrise Drive.
On September 6, 2007 the defendant committed attempt (sic) second degree murder of Miguel Turcio. On that same date he committed attempt (sic) second degree murder of Dany Turcio.
All those crimes occurred in Jefferson Parish.
Following his guilty plea, defendant was sentenced to 27 years and 6 months at hard labor on counts 1, 3, 4, and 5, all to run concurrently, and 15 years on count 2, to run concurrently with all other counts. Defendant was granted an appeal on October 7, 2010.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be |4accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. *525 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) [¡¡identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that defendant filed a pre-trial motion to suppress that was denied by the trial court, but, upon pleading guilty, defendant did not preserve his right to object to the ruling under State v. Crosby, 338 So.2d 584 (La.1976). Counsel also indicates that the plea form signed by defendant and the colloquy with the trial judge demonstrates that defendant was informed of and considered the rights he was waiving by pleading guilty, as well as the sentences that he would receive.
Appellate counsel has filed a motion to withdraw as attorney of record which states she has mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until April 29, 2011, to file a pro se supplemental brief. Defendant has not filed a pro se supplemental brief with this Court.
The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case. The State contends that counsel has “cast an advocate’s eye” over the record and found no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm defendant’s conviction and sentence.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant. As required, it plainly, concisely, and definitely states the essential facts constituting the offenses charged, and cites the statutes defendant violated. It also sufficiently identifies defendant and the crimes charged. Also, as reflected by the minute entries and commitment, defendant | r,appeared at each stage of the proceedings, including his arraignment, guilty plea and sentencing.
Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the *526 guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin'[2], colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record shows that defendant was aware he was pleading guilty as charged to two counts of aggravated burglary, in violation of LSA-R.S. 14:60; one count of attempted aggravated burglary in violation of LSA-R.S. 14:27 and 14:60; and two counts of attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Further, during |7the colloquy with the trial court, defendant indicated that he understood that he was waiving these rights.
Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that his convictions could be used to enhance a penalty for any future conviction.
Defendant was advised that he faced a maximum possible sentence of 30 years for each count of aggravated burglary, 15 years for attempted aggravated burglary, and 50 years at hard labor for each count of attempted second degree murder.
During the colloquy, defendant was told that he would be sentenced to 27 years and 6 months at hard labor on counts 1, 3, 4, and 5, all to run concurrently, and 15 years on count 2, to run concurrently with all other counts. He was also advised that the Court would recommend that he receive any treatments, educational or for drug abuse, that he may be eligible for while serving his time in the Department of Corrections. By signing the waiver of rights form, defendant also indicated that he understood the sentence he would receive.
Finally, we find that all of defendant’s sentences fall within the sentencing ranges set forth in the respective statutes and do not present any non-frivolous issues for appeal.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record.
| ¡¡ERROR PATENT DISCUSSION
The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 *527 (La.App. 5 Cir.1990). The following issues were discovered.
It appears that defendant received an illegally lenient sentence with respect to counts 4 and 5, for attempted second degree murder. The sentence for attempted second-degree murder pursuant to La. R.S. 14:27 and 14:30.1 is a term of imprisonment at hard labor without benefit of parole, probation or suspension of sentence. In this case, the district court failed to restrict benefits. However, LSA-R.S. 15:301.1 provides in part:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
Thus, even though we note the illegally lenient sentence, we also find that the self-activating provision of LSA-R.S. 15:301.1 makes defendant ineligible for benefits. Therefore, no corrective action by this Court is necessary. Additionally, we find that this issue does not warrant further briefing by defense counsel. See State v. Landfair, 07-751 (La.App. 5 Cir. 3/11/08), 979 So.2d 619, writ denied, 08-1143 (La.1/9/09), 998 So.2d 713.
Accordingly, we affirm defendant’s conviction and sentence and grant defense counsel’s motion to withdraw.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).