CHEHARDY, C.J.
On appeal, defendant's appointed appellate counsel has filed an Anders[1] brief, asserting that there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant's convictions and sentences and grant counsel's motion to withdraw.
Facts and Procedural History
Because defendant pled guilty, the facts of this case were not fully developed at a trial. Nevertheless, the record before this Court reveals that, on or about May 8, 2014, Timothy M. Ordon, defendant-herein, violated La. R.S. 14:62.2 by committing simple burglary of an inhabited dwelling in Jefferson Parish and violated La. R.S. 14:26 and La. R.S. 14:62.2 by conspiring to commit simple burglary of the same structure.
During the colloquy, the State provided the following factual basis for the pleas:
Your Honor, for Case Number 14-4422, the defendant was apprehended after running from the location of 2105 Elizabeth Street. On his person, deputies located property that was located from inside that residence as well as the defendant gave an audio/videotaped confession about going inside the home without permission and taking those things from the home.
On March 5, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2 ; possession of stolen goods valued at over $1,500.00, in violation of La. R.S. 14:69 ; and conspiracy to commit simple burglary of an inhabited dwelling, in violation of La. R.S. 14:26 and La. R.S. 14:62.2. On July 20, 2016 and August 1, 2016, the trial court heard defendant's motion to suppress evidence and *624 statement. At the close of the August 1, 2016 hearing, the trial judge denied the motions.
On December 12, 2016, defendant withdrew his pleas of not guilty and pled guilty, pursuant to North Carolina v. Alford ,[2] to one count of simple burglary of an inhabited dwelling and one count of conspiracy to commit simple burglary of an inhabited dwelling.[3] In accordance with the plea agreement, the trial court sentenced defendant, for simple burglary of an inhabited dwelling, to six years at hard labor with the first year to be served without the benefit of parole, probation, or suspension of sentence, and ordered restitution to the victim in the amount of $1,400.00; and for conspiracy to commit simple burglary of an inhabited dwelling, to six years at hard labor, to run concurrently.
During that same hearing, the State filed a multiple offender bill of information alleging defendant to be a second-felony offender,[4] to which defendant stipulated. In accordance with the plea agreement, the trial court vacated defendant's sentence for simple burglary, adjudicated defendant to be a second-felony offender, and imposed an enhanced sentenced, pursuant to La. R.S. 15:529.1, of six years at hard labor without the benefit of probation or suspension of sentence, to run concurrently with all previously imposed sentences.
On September 25, 2017, defendant filed an application for post-conviction relief alleging ineffective assistance of trial counsel. On October 5, 2017, the trial court denied defendant's application. On November 3, 2017, defendant sought supervisory review of that denial by this Court. On March 19, 2018, this Court, in the interest of justice, granted defendant's writ for the limited purpose of remanding the matter to the trial court for it to construe his application for post-conviction relief as one seeking an out-of-time appeal.[5] On March 20, 2018, the trial court granted defendant an out-of-time appeal. This appeal follows.
Anders
Under the procedure adopted by this Court in State v. Bradford ,[6] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra , and State v. Jyles ,[7] appointed counsel requests permission to withdraw as counsel of record.
In Anders ,[8] the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw *625 if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."[9]
In Jyles ,[10] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration."[11]
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[12] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[13]
Discussion
Defendant's appellate counsel asserts that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel avers that defendant was advised, inter alia , of his right to a jury trial, his right to confront and cross-examine the witnesses against him, and his right to remain silent. Counsel notes that defendant acknowledged his constitutional rights and his willingness to waive those rights by pleading guilty. Counsel argues that defendant denied being threatened or coerced into entering his pleas and indicating his desire to enter guilty pleas.
Counsel further articulates that the State provided a factual basis for defendant's Alford pleas, which was supported by the testimony of the investigating detective at the suppression hearing. Counsel provides that defendant was sufficiently informed of his constitutional rights as a multiple offender and of the sentencing range to which he was exposed before defendant stipulated to the allegations in the multiple offender bill of information. He avers that defendant understood the original and enhanced sentences to be imposed and was sentenced in accordance with the plea agreement.
Appellate counsel has filed a motion to withdraw as attorney of record, which states that he has made a conscientious *626 and thorough review of the record and can find no non-frivolous issues to raise on appeal. Additionally, this Court sent defendant a letter by certified mail informing him that his counsel had filed an Anders brief and that defendant had until August 1, 2018, to file a pro se supplemental brief. As of the date of this opinion, this Court has not received a supplemental brief from defendant.
The State responds that appellate counsel is correct that there are no non-frivolous issues to be raised on appeal, and under the procedure enunciated in Anders and Jyles , supra , appellate counsel's motion to withdraw should be granted.
Most importantly, our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. First, the amended, superseding bill of information in this case properly charged defendant and plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally , La. C.Cr.P. arts. 464 -66.
Next, the minute entries and commitment reflect that defendant was present at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceeding, his multiple offender proceeding, and his sentencing.
Further, defendant pled guilty as charged to the amended superseding bill of information and stipulated that he was a second-felony offender as alleged in the multiple offender bill of information. Where, as here, a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Furthermore, defendant did not reserve his right to appellate review of the denial of his motions to suppress evidence and statements under State v. Crosby , 338 So.2d 584 (La. 1976). With respect to defendant's motion to suppress identification that was not ruled on by the trial judge prior to defendant pleading guilty, that motion was waived. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Turning to defendant's guilty plea, we find that the record does reveal one irregularity that does not present an issue for appeal. Defendant pleaded guilty to both counts pursuant to Alford , supra , which requires the establishment of a factual basis for the plea when a defendant protests that he is innocent. State v. Respert , 14-769 (La. App. 5 Cir. 2/25/15), 168 So.3d 839, 844, writ denied , 15-0604 (La. 1/25/16), 184 So.3d 1288. The "best interest," or Alford plea, is one in which the defendant pleads guilty while maintaining his innocence. McCoil , supra . According to Alford, a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's *627 advantage." State v. Jones , 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 24-25, writ denied , 08-325 (La. 09/26/08), 992 So.2d 982. When a defendant pleads guilty under Alford , constitutional due process requires that the record contain strong evidence of actual guilt. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1123.
Here, defendant's attorney stated that defendant was pleading guilty under Alford because it was in his best interest to do so, and the waiver of rights form also reflects that defendant's pleas were Alford pleas. The State offered a factual basis for the defendant's guilt of simple burglary of an inhabited dwelling.
However, the State's factual basis as to defendant's guilty plea of conspiracy to commit simple burglary of an inhabited dwelling was deficient.[14] This Court has held that where the evidence presented at the suppression hearing demonstrated strong evidence of the defendant's actual guilt, the defendant's Alford plea was supported. See State v. Jones , 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 26-27, writ denied , 08-0325 (La. 9/26/08), 992 So.2d 982.
Our review of the testimony presented at the suppression hearing reveals that the record demonstrates strong evidence of defendant's actual guilt of conspiracy to commit simple burglary. At the July 20, 2016 suppression hearing, Detective Wayne Augillard testified that, on May 8, 2014, two men kicked in the front door of the residence at 2105 Elizabeth Avenue to burglarize the home. Defendant was one of the men in the house and was eventually apprehended. A third man, who was waiting in the driver's seat of a nearby vehicle, fled on foot when a responding officer attempted to speak to him.
On his person, defendant had his cell phone and property belonging to the owner of 2105 Elizabeth Avenue. The rental agreement found in the getaway vehicle indicated it was rented by defendant. A subsequent search warrant for the rental vehicle revealed two smart phones and one high school class ring with the initials "MSR." Detective Augillard investigated the ring and discovered that it was stolen from another residence that had been burgled on the previous day.
One of the smart phones belonged to the co-defendant that fled from the vehicle. Further, a second co-defendant was apprehended and found with a pair of gloves and a window punch in his possession. From these facts, one could infer that the three men conspired to commit simple burglary of an inhabited dwelling where one man in the vehicle acted as either the lookout or the getaway driver while defendant and the second man burgled the residence. Based upon this, we find that the record reveals strong evidence of actual guilt, which is a sufficient factual basis for the Alford plea to conspiracy to commit simple burglary of an inhabited dwelling; therefore, the lack of a factual basis by the State does not present an issue that should have been raised on appeal.
Returning to our review of the record, we note that, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. McCoil , supra . A guilty plea is constitutionally infirm *628 if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. Id.
The record reflects that, during the guilty plea proceeding, defendant was informed in writing through the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to one count of simple burglary of an inhabited dwelling and one count of conspiracy to commit simple burglary of an inhabited dwelling. Further, on the waiver of constitutional rights form and during the colloquy with the trial judge, defendant was advised of his Boykin rights - his right to a trial, to confrontation, and to remain silent. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty plea. Defendant indicated that he was satisfied with the representation of his attorney and understood the nature of the offense. Defendant further indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. After a thorough examination, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily tendered.
In this case, the waiver of rights form reflect that, at the time of his guilty plea, defendant was 45 years old, had obtained a GED, and could read and write the English language. The waiver of rights form was signed by defendant, his counsel, and the trial judge. Defendant acknowledged on the record that he had gone over the form with his counsel and understood it.
Additionally, during the colloquy and on the waiver of rights form, defendant was advised that, if he was convicted of simple burglary of an inhabited dwelling, the maximum sentence he would face was twelve years at hard labor and the minimum sentence was one year at hard labor, without the benefit of parole, probation, or suspension of sentence.[15] Defendant was further advised that the maximum sentence he could receive for a conviction of conspiracy to commit simple burglary of an inhabited dwelling was six years at hard labor and a minimum penalty did not exist.[16]
Although defendant was not advised as to the mandatory six-month restriction of *629 benefits he faced for conspiracy to commit simple burglary of an inhabited dwelling, this Court has noted that the omission of an advisal regarding the restriction of benefits does not present an issue for appeal. See State v. Landfair , 07-751 (La. App. 5 Cir. 3/11/08), 979 So.2d 619, 622-23, writ denied , 08-1143 (La. 1/9/09), 998 So.2d 713.[17] Further, defendant was informed during the colloquy that his sentence would be six years at hard labor, with the first year to be served without the benefit of parole, probation, or suspension of sentence, and of the $1,400.00 owed in restitution, for simple burglary of an inhabited dwelling. He was also informed that, if his plea for conspiracy to commit simple burglary of an inhabited dwelling was accepted, his sentence would be six years at hard labor.
Further, upon review, we find no constitutional infirmity in defendant's stipulation to the multiple bill. The record reveals that defendant reviewed the multiple offender waiver of rights form with his attorney. Further, the waiver of rights form and the stipulation colloquy reflect that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout such a hearing. The record also demonstrates that defendant understood that he was waiving his right to plead "not guilty" to the charge, and that he was satisfied with the way his attorney had handled his case. Defendant was also advised of the potential sentencing range he faced as a second-felony offender and the term of six years imprisonment that would be imposed for his enhanced sentence.[18] Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill.
Afterward, the trial judge accepted defendant's stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made. By stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple offender adjudication when he waived the hearing. Schaefer , supra .
Furthermore, defendant's sentence was imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Fifi , 12-158 (La. App. 5 Cir. 10/16/12), 102 So.3d 970, 974 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Even if review was not precluded, *630 we find no appealable issue because defendant's sentence falls within the sentencing range set forth in the relevant statute.[19] Based on the foregoing, we find that defendant's guilty pleas and sentences imposed pursuant to his plea agreements do not present any non-frivolous issues for appeal.
Conclusion
For the foregoing reasons, defendant's convictions and sentences are affirmed. Further, since appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED.

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In exchange for defendant's plea, the State nolle prossed counts two and three and agreed to allege that defendant was only a second felony offender in its multiple offender bill of information.

The multiple offender bill alleged that defendant had a 2011 predicate conviction of attempted possession in felon of a firearm in violation of La. R.S. 14:27 and La. R.S. 14:95.1 in Section "K" of Orleans Parish Criminal District Court.

See also State v. Ordon , 17-703 (La. App. 5 Cir. 3/19/18) (unpublished writ decision).

95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin , 573 So.2d 528, 530 (La.App. 4 Cir.1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

704 So.2d at 241.

Id.

Bradford , supra at 1110.

Id.

To convict a defendant of conspiracy, the State must prove: (1) an agreement or combination of two or more persons for the specific purpose of committing a crime, plus (2) an act done in furtherance of the object of the agreement or combination. La. R.S. 14:26 ; State v. Davis , 12-512 (La. App. 5 Cir. 4/24/13), 115 So.3d 68, 82, writ denied , 13-1205 (La. 11/22/13), 126 So.3d 479.

La. R.S. 14:62.2(B) provides: "Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." In State v. Boowell , 406 So.2d 213, 215-16 (La. 1981), the Louisiana Supreme Court held, due to the ambiguity of La. R.S. 14:62.2, that only the first year of a sentence imposed for simple burglary of an inhabited dwelling may be imposed without benefits. See also State v. Capers , 51,092 (La. App. 2 Cir. 12/21/16), 211 So.3d 589, 592, a recent decision by the second circuit which relied upon the holding of Boowell to amend the defendant's illegal sentence of six years at hard labor without benefits to six years at hard labor with one year to be served without benefits.

La. R.S. 14:26(D) provides:
Whoever is a party to a criminal conspiracy to commit any other crime shall be fined or imprisoned, or both, in the same manner as for the offense contemplated by the conspirators; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half the longest term of imprisonment prescribed for such offense, or both.

In Landfair , supra , defendant's Boykin colloquy and the written waiver of rights form failed to inform the defendant that his guilty plea would result in a sentence without benefit of parole, probation, or suspension of sentence. This Court recognized that the defendant did not assign any errors relating to his sentence, did not make any allegations that his plea was involuntary, and did not move to withdraw his guilty plea. This Court reasoned that the sentence imposed was not inconsistent with the plea agreement and that the restriction of benefits was mandatory in accordance with law. Id.

La. R.S. 15:529.1(1) states:
If the second felony offense is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence of imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
Therefore, defendant was correctly advised that he faced a sentencing range of six to twenty-four years imprisonment as a second-felony offender on his underlying conviction of simple burglary of an inhabited dwelling.

The trial judge imposed defendant's sentence to run concurrently to the sentence imposed in an unrelated matter. See , La. C.Cr.P. art. 883.