WINDHORST, J.
*1225 Defendant's appointed appellate counsel filed an Anders [1] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we remand the matter with instructions for resentencing on count three. In all other respects, we affirm defendant's convictions and sentences and grant appellate counsel's motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On June 24, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant, William J. Shelby, with possession with the intent to distribute marijuana, in violation of La. R.S. 40:966 A (count one); possession of a firearm while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95 E (count two); possession with the intent to distribute MDMA, in violation of La. R.S. 40:966 A (count three); and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count four).[2] On July 8, 2016, the State filed an amended bill of information, adding a second predicate conviction on count four, defendant's possession of a firearm by a convicted felon charge. On June 12, 2017, defendant pled not guilty.
On August 31, 2017, defendant withdrew his not guilty pleas and pled guilty as charged. The trial court sentenced defendant to fifteen years in the Department of Corrections[3] on count one; ten years in the Department of Corrections without the benefit of probation, parole, or suspension of sentence on count two; fifteen years in the Department of Corrections on count three; and fifteen years in the Department of Corrections without the benefit of probation, parole, or suspension of sentence on count four. The trial court further ordered all of his sentences to run concurrently with each other and all other time imposed.[4] The trial court also ordered defendant to "comply with the schedule of fines, fees, sentencing provision and probation requirements form," within twelve months of release, which included the payment of a $500 fine. On March 6, 2018, defendant filed an application for post-conviction relief, seeking an out-of-time appeal, which was granted by the trial court on March 15, 2018.
FACTS
Because defendant pled guilty, the underlying facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty plea:
[T]he state would be able to prove beyond a reasonable doubt as to count one that on or about December 3, 2015, the defendant violated Revised Statute 40:966.A, in that he did knowingly or intentionally possess with the intent to distribute marijuana.
*1226 As to count two, on or about December 3rd, 2015, he violated Revised Statute 14:95.E, in that he did possess a Glock 45-caliber firearm while in possession of oxycodone.
As to count three on that same date, that he violated Revised Statute 40:966.A, in that he did knowingly or intentionally possess with the intent to distribute MDMA.
And as to count four on that same date, that he violated Revised Statute 14:951 [sic], in that having been previously convicted of a felony, he was in possession of a Glock 45-caliber handgun.
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel indicates that prior to defendant's decision to change his pleas from not guilty to guilty, the trial court fully informed defendant of the legal consequences of doing so. Appellate counsel states that during the plea colloquy, the trial court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights. She avers that defendant was sentenced in conformity with the plea agreement, and accordingly, is restricted by law from appealing his sentence.[6]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcript. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
A review of the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the charges that would render them invalid. The transcript of the guilty plea proceeding and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin [7] rights, including the right *1227 to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, defendant was informed of the actual sentences that would be imposed on him.[8]
Additionally, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed that his guilty pleas could be used against him if he was convicted of a subsequent offense and could affect him under the habitual offender law. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly and voluntarily made.
Defendant was not advised of the mandatory restriction of benefits he faced under counts two, three or four prior to his guilty plea.[9] In a similar factual situation, the omission of advice regarding the restriction of benefits did not present an issue for appeal. See State v. Landfair, 07-751 (La. App. 5 Cir. 3/11/08), 979 So.2d 619, 622-23, writ denied, 08-1143 (La. 1/9/09), 998 So.2d 713. In Landfair, this Court found on error patent review that the Boykin colloquy and the written waiver of rights form failed to inform the defendant that his guilty plea for two counts of attempted second degree murder and one count of attempted armed robbery would result in concurrent 20-year sentences imposed without the benefits of parole, probation, or suspension of sentence. This Court recognized that the defendant did not assign any errors relating to his sentence and did not make any allegations that his plea was involuntary. This Court further found the sentences imposed were consistent with the plea agreement and must be served without benefits in accordance with law. Accordingly, this Court affirmed defendant's convictions and sentences as follows:
There is no indication in either the record or in defendant's brief that any inducement regarding the benefits was discussed. Accordingly, we find the trial judge did not violate the terms of the plea agreement when sentencing defendant. Further, we find that the plea was tendered voluntarily and knowingly. Nothing in this record indicated otherwise.
Landfair, 979 So.2d at 623 (internal footnote omitted); see also State v. Byers, 16-627 (La. App. 5 Cir. 2/8/17), 213 So.3d 491, 496-97, writ denied, 17-592 (La. 11/28/17), 229 So.3d 936.
In this case, the record reflects the trial court advised defendant of his Boykin rights and defendant indicated his willingness to plead guilty. The trial court sentenced *1228 defendant to ten years on count two and fifteen years on count four, both without the benefit of probation, parole or suspension of sentence.[10] Defendant did not object to these restrictions when imposed by the trial court during sentencing and defendant does not raise any assignments of error concerning his guilty plea and sentencing on appeal. The record does not contain any indication that the restriction of benefits served as an inducement to defendant's guilty plea. Accordingly, we find the failure to inform defendant of the benefit restrictions did not affect his substantial rights or render his guilty plea unknowing or involuntary.
Defendant's sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Nevertheless, defendant's sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 40:966 B(3); La. R.S. 14:95 E; La. R.S. 40:966 B(2); La. R.S. 14:95.1. Moreover, defendant's plea agreements were beneficial to him because he received mid-range sentences on counts one and three, and a sentence five years below the maximum on count four. Although he did receive the maximum sentence on count two, the sentences were also ordered to run concurrently.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
ERRORS PATENT DISCUSSION
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance to the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals the following error patent that requires correction.
The sentence on count three is illegally lenient. The penalty provision of La. R.S. 40:966 B(2), possession with the intent to distribute MDMA, provided for a sentence of imprisonment at hard labor "for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence[.]" Here, the trial court did not impose the restriction of benefits as required by La. R.S. 40:966 B(2).
Generally, when a trial court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 801. However, in this case, the trial court's failure to impose the statutory restrictions is not cured by La. R.S. 15:301.1 because the portion of the sentence to be served without benefits is left to the discretion of the trial court. Therefore, we remand defendant's sentence on *1229 count three for resentencing with instructions to the trial court to impose defendant's sentence in accordance with the provisions of La. R.S. 40:966 B(2) only as it relates to the restriction of benefits on count three. State v. Napoleon, 11-530 (La. App. 5 Cir. 1/24/12), 87 So.3d 127 ; State v. Tapps, 02-574 (La. App. 5 Cir. 10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La. 4/21/03), 841 So.2d 789.
CONCLUSION
For the reasons stated above, we remand the matter with instructions for resentencing on count three. In all other respects, we affirm defendant's convictions and sentences and grant appellate counsel's motion to withdraw as counsel of record.
AFFIRMED; REMANDED FOR RESENTENCING ON COUNT THREE; MOTION TO WITHDRAW GRANTED

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Co-defendant, Gloria Glass, was charged in the same bill of information in counts one, two, and three.

Though the trial judge sentenced defendant to imprisonment in the Department of Corrections, rather than to imprisonment at hard labor as required by law, this Court deems such a sentence necessarily at hard labor. See State v. Baptiste, 16-316 (La. App. 5 Cir. 12/14/16), 209 So.3d 321, 324 n.2.

Also on August 31, 2017, defendant entered guilty pleas and was sentenced in district court case numbers 15-4648 and 16-4061. Defendant appealed his guilty plea in number 15-4648, which is appeal number 18-KA-185. In district court case number 16-4061, defendant pled guilty to the misdemeanor offense of illegal use of a controlled substance in the presence of a minor child.

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

Defendant was notified of his right to file a pro se supplemental brief in this appeal. As of the date of this opinion, defendant has not filed a pro se brief.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Advice of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Martin, 17-558 (La. App. 5 Cir. 3/14/18), 242 So.3d 1236 ; State v. Faggard, 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied, 16-338 (La. 2/10/17), 215 So.3d 701 ; State v. Craig, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

Under count two, possession of a firearm while in possession of a controlled dangerous substance, La. R.S. 14:95 E provides for a penalty of imprisonment at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence and a fine of not more than ten thousand dollars.
Under count three, possession with the intent to distribute MDMA, at the time of the offense, La. R.S. 40:966 B (2) provided for a penalty of imprisonment at hard labor for not less than five nor more than thirty years, with at least five years without the benefit of probation, parole, or suspension of sentence and a fine of not more than fifty thousand dollars.
Under count four, possession of a firearm by a convicted felon, La. R.S. 14:95.1 B provides for a penalty of imprisonment for not less than ten nor more than twenty years at hard labor without the benefits of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars.

As discussed, infra , the trial court failed to impose any restrictions on defendant's concurrent fifteen year sentence on count three. La. R.S. 40:966 B(2) provides for a sentence of imprisonment at hard labor "for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence[.]"